THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WALTER GROOM, Defendant.

Supreme Court, Erie County, June 13, 1940.

*Leo J. Hagarty, District Attorney* [*Leonard R. Lipowicz* of counsel], for the plaintiff.

*Walter C. Newcomb* and *John S. Knibloe,* for the defendant.

GOLD, J. The defendant was convicted of the crimes of rape, first degree, and of assault, second degree, and a violation of section 483-b of the Penal Law of the State of New York.

In support of the motion for a new trial the defendant presented affidavits of four of the jurors in which they stated in substance that they had voted " Not guilty;" that the defendant had had a preliminary hearing and that defendant should have produced the alibi witnesses who testified at the trial at such hearing; that it was this statement that persuaded them to change their opinions and vote to convict the defendant. The defendant did not have a preliminary hearing. When later informed that the defendant did not have a preliminary hearing, they stated in their affidavits that they would not have voted to convict the defendant had they known that fact prior to the rendition of the verdict by the jury.

The People contend that this would not justify the court in setting aside the verdict of the jury for the reason that jurors cannot, by their affidavits, attack or discredit the verdict which thoy have in fact rendered. (*People* v. *Sprague,* 217 N. Y. 373.)

However, they did change their vote from " Not guilty " to " Guilty " by reason of a statement which was not true and should not have been discussed in the jury room.

The defendant presents another question.

Certain jurors also state in their affidavits that one of the panel stated, in substance, " It is peculiar in this country that a man is presumed to be innocent until his guilt is proved beyond a reasonable doubt, whereas in Germany a man is presumed to be guilty until he proves his own innocence."

One affidavit states that the juror was told, " You are an American now," to which he replied, " I prefer the other way, I am going to vote guilty until his innocence is proven."

The answering affidavit of the juror, with reference to the law of Germany, states, " That deponent has no recollection of ever having made this statement for the purpose of influencing a verdict in the above entitled matter."

He denies having made the statement, " I always vote guilty on the first ballot," and the further statement, " I prefer the other way, I'm going to vote guilty until his innocence is proven."

It is the duty of the court, in the interests of justice, to order a new trial when convinced by an examination of the entire record that the same should be done. (*People* v. *Leonti*, 262 N. Y. 256.)

The court feels, in the interests of justice, that the judgment of conviction should be set aside and a new trial granted.

Let an order be entered accordingly.