George B. Parsons, J.
The above-entitled defendant was convicted in the Wayne County Court on December 16, 1952, for the crime of abduction and was sentenced to Attica after a plea of guilty for an indeterminate term of not less than 5 years or more than 10 years. The defendant was originally before this court, not in person, but by petition, when he petitioned the court for a writ of error coram nobis alleging that the sentence of the defendant was based, in one respect, on a second felony offense, such sentence being predicated upon the conviction above mentioned being the second convic *234 tion, and the first being a conviction in which he was sentenced to Elmira Reformatory until discharged by law.
It was the defendant’s contention in the petition that this first sentence to Elmira Reformatory was not legal and could not be used as a basis to convict and sentence as a second offender. This court denied this as a ground for returning defendant on a coram nobis. The court based this on the fact that the sentence given the defendant in 1952 was pursuant to the authority vested in the court by section 288 of the Correction Law of the State of New York and that the wording of the sentence was correct and according to that law. The court in 1952, as a matter of fact, had no alternative but to sentence in that manner. This section and the procedure of sentencing thereunder has never been controverted by statutory repeal or case law when the sentence was given as it was in this case. This court holds that the cases which defendant cites to substantiate this ground bear this ruling out. Those cases were not in point since, when read in full and studied properly, they were found to be based upon the fact that the original sentence was not a direct sentence to Elmira Reformatory but was rather a sentence by which the defendant there was sent to the Reception Center and his term left up to the Commissioner of Correction. Also, as ruled in these cases the sentence against Burgett was made solely by the court which under its authority can set the punishment and the sentence. Therefore, that first conviction is a valid and legal judgment of conviction.
The ground brought forth by the defendant’s petition to bring him before this court in coram nobis based on the methods of his arrest was likewise denied. This question was decided by Earl W. Tabor, County Judge of Wayne County in 1955 and a complete decision rendered in this matter. The present court in reviewing that decision upheld the ruling stated therein as a basis for denying this ground under coram nobis. This decision is sound. The cases which the defendant cited, namely, People v. Groom (174 Misc. 250) and People v. Redmond (265 App. Div. 307) cannot be used as a basis here. Both are brought before the court on question of errors or procedure in a trial before a jury. People v. Groom was on a motion to set aside a verdict and revolved solely around the manner in which the jury reached the verdict. People v. Redmond was also based on a trial, and the errors claimed were based on cross-examination during the trial by the District Attorney and undue influence by inflammatory and prejudicial statements of the District Attorney, during the trial before the jury, and the resulting influence of the jury.
*235 The defendant contends in another ground for his return that he, the defendant, could not receive a fair trial in Wayne County and that at that time bias, prejudice, and discrimination were present by which he would be deprived of his right to a fair trial. If the defendant had proof, knowledge and belief of this fact at that time, as he says in his own words, then that was the time when his grievance should be brought up and his proper remedy and recourse sought. Now, before this court, five years later, it could not be allowed as a ground in bringing him back for a hearing under coram nobis. His recourse was before him in 1952. If he was not aware of the fact, most certainly the attorney of his own choice who represented him at that time was well aware of the established fact that defendant’s remedy on that ground was available for a change of venue. This remedy was not availed of by the defendant or his attorney and this court would not grant a hearing on this ground under coram nobis.
The court granted the defendant the right to be returned to the Wayne County Court for a hearing on the other ground, upon which he petitioned, by virtue of the fact that this ground presented a question of fact as to whether the defendant had been forced to plead guilty by coercion, as he claimed, due to his reliance, his belief, or his interpretation of and on. a statement made by the District Attorney of Wayne County at that time, Mr. Joseph Haney.
On January 9, 1958, pursuant to the order of this court granting a hearing on this issue of fact, the Wayne County Sheriff transported the person of the defendant from Attica State Prison to the County of Wayne for the purpose of said hearing and the defendant was before this court at 9:30 a.m. on January 9, 1958. At that time the defendant was informed of his rights and claimed that he had no funds for an attorney. The court appointed Mr. Robert Zecher of Sodus, New York as court-appointed attorney for the defendant and adjourned the matter until January 20 at 2:00 p.m., in order to give the attorney and defendant sufficient time to prepare their arguments, evidence and proof. At the hearing before this court on January 20, 1958, full consideration was given to the defendant and his attorney, Mr. Robert Zecher to be heard on the grounds of coercion or fraud because of statements by Mr. Joseph Haney, the District Attorney of Wayne County prior to the sentence of the defendant in 1952. Defendant stated in his petition that he had been forced to plead guilty, due to the coercion exercised by Mr. Haney and a threat, which the petition of the defendant contended in substance was statement *236 of Mr. Haney to the effect that if defendant went to trial he, Mr. Haney, would see that the defendant was sentenced to 10 to 20 years, but that if he pleaded guilty, he would see that he would get 5 to 10 years, which actually, is the sentence he is now serving under.
The defendant testified at full length on this hearing, reciting to the court the complete history, as he had interpreted it, from the time of his arrest until the sentence under which he is serving was pronounced. The testimony showed, among other things, that the defendant was first brought up for arraignment on November 25, 1952. At this date no arraignment was had as the counsel for defendant, Mr. Berlove of Rochester, the ability of whom the court can take judicial notice, from his own knowledge, was not present and arraignment was set down for December 2. Defendant testified that the conversation in question between himself and Mr. Haney took place on the afternoon of November, 25 in the Wayne County jail and in front of the cell block, the defendant engaging him in conversation on his case. From the time of this conversation until the actual arraignment on December 2, defendant admits he was in consultation with his attorney and that this conversation was made known to his attorney prior to arraignment on December 2. The records show, and substantiate the fact admitted by the defendant in his testimony, that his attorney was present at the actual arraignment, plea of guilty and sentence on December 2. Cross-examination of the defendant was held by the District Attorney, and further questioning by his own attorney. The defendant was also questioned by the court and was given every opportunity to state his case.
Attorney Joseph Haney, former District Attorney of Wayne County, and the District Attorney, in fact in 1952 when the sentence in question was passed upon the defendant, was sworn to testify. Mr. Haney testified that he had a conversation with the defendant at the cell block prior to the actual arraignment. On questioning, Mr. Haney was not positive of the exact date but recalled that it was the afternoon after the defendant had. been in court and no arraignment was taken due to the absence of his attorney. Mr. Haney testified that he was in the jail on other business which had nothing to do with the defendant or his case. He said that he was accosted by the defendant who asked to speak to him, as he, Mr. Haney, passed the cell block. This, Haney said, he agreed to do when the business for which he was there was completed. Haney then. testified that on his way out he stopped to converse with the defendant, *237 at the cell block. Mr. Haney gave an account of this conversation on the witness stand in which he says that he made no threats to the defendant, and that in answer to defendant’s question as to what sentence he would receive, Mr. Haney testified that he told the defendant that the matter of sentence was entirely up to the Judge who would sentence him. Mr. Haney further testified that he told the defendant that he, the defendant, had an attorney of his own choosing and advised the defendant to see and discuss the case or any questions he had on it with his attorney.
In cross-examination, the attorney for the defendant, in an apparent attempt to impeach Mr. Haney’s memory of the defendant, brought out by questioning the number of cases Mr. Haney had as District Attorney in four years, and asked Mr. Haney questions in respect to conversations with other prisoners during his term as District Attorney. This brought forth from Mr. Haney testimony that he did not generally confer with defendants at all, and did not discuss sentences with them and, as a matter of fact, he only remembered one other instance in which he had a coram nobis similar to this. The questioning of the defendant’s attorney was a sound approach and well done in an attempt to impeach or show a flaw in the memory of the witness as to Mr. Haney’s recollection of the defendant as an individual and of the circumstances of this conversation. The questions and answers, however, failed to show, by direct statement or innuendoes, any concrete connection or reason why Mr. Haney would or would not remember the defendant.
The court by its own questions and in order to clarify this point which had been brought out by an improper question answered by Mr. Haney before the objection to it could be sustained, asked Mr. Haney, what, in particular, made him positive in his memory of this particular defendant and of the circumstances in point. Mr. Haney replied that the defendant and his case was a particularly notorious one, highly publicized, and that the press and the public had made considerable furore over this defendant, his characteristics, trade as a sulky driver, and that it easily stood out in his memory.
These two men, the defendant and the former District Attorney, were the only witnesses sworn.
This court actually gave great consideration, in its opinion, to the defendant’s version of this conversation in question. The defendant apparently seemed convinced in his own mind that his interpretation and recollection of that conversation was as he testified.
*238 On the other hand, the testimony of attorney Joseph Haney, the former District Attorney of this county, was uncontroverted by any other evidence. It was given without hesitation or uncertainty, nor with any reservations as to hazy recollection, questions of doubt, or contingencies.
The lawyer for the defendant at the time of his trial, in 1952, Mr. Berlove, was not present. Neither were there any other witnesses in the defendant’s behalf to corroborate his testimony. However, the court as the sole trier of the fact and the law in this hearing on coram nobis gave no weight to this fact which would govern his decision but rather gave full consideration to the demeanor, sincerity, and frankness of the defendant in his testimony, and both listened and later read this testimony with complete disregard to the defendant’s record or supposed reputation, but solely on the merits of his claims as presented. Defendant was given complete freedom to tell his story as he felt it to be. One of the ruling cases in these matters is that of People v. Bichetti (302 N. Y. 290) which the defendant in his petition cited, and which was one of the cases on which attorney Zecher for the defendant made reference. The court strictly adhered to the manner and conduct set forth as an example in that case for the trier of actions of this kind. This court feels that the defendant in every respect had his complete “ day in court ”.
The testimony of Mr. Haney in this case was based on firsthand, personal knowledge and information as evidenced by the substance of his testimony and the indication of his memory of this case.
There was no evidence given, or an attempt made to impeach the credibility of Mr. Haney as a witness, nor to controvert his statements other than the contradictory evidence of the defendant himself in the testimony on his own behalf, which should be considered in the light of the interest defendant had in attempting to prevail in his effort before the court.
By the same token, consideration must be given to the fact that Mr. Haney is an experienced and able lawyer, and that his service and integrity as a District Attorney has never been controverted to the knowledge of this court.
This court has taken into consideration the whole of the record; the cases cited by the defendant; as well as numerous other related cases since read by the court; all extraneous and pertinent facts; testimony given; and the weight of the preponderance of credibility where a conflict in recital of testimony was evident.
*239 To vacate any conviction based upon the grounds set forth in defendant’s testimony, especially since it is a criminal case of considerable magnitude, is a reproach to the administration of justice, and as has been stated by many learned Judges in the past, would cast grave responsibility upon not only the prosecuting officer but also upon the trial Judge. The court must take this into consideration in weighing the evidence. Proof must be absolutely conclusive, and there should be no question that the evidence shows, without any doubt, proof that the defendant was forced, defrauded or coerced into his pleading guilty.
As a result, the court finds that the defendant has failed to sufficiently sustain his burden of proof in such an uncontroverted manner that it would substantiate his position of coercion, which in effect did force the defendant to plead guilty, and under which plea he was sentenced. A hearing was granted defendant by the court in order to avail him of his rights, and to prove his contention. Defendant did not bring substantiated uncontroverted proof forth, nor did his petition on which this court can act in his behalf on all the grounds of his petition. Therefore, the court denies the relief prayed in said petition as well as to deny the motion of defendant’s attorney, Mr. Zecher, that defendant’s conviction be vacated and he be allowed to plead de novo. It is so ordered, and the prisoner is remanded to the Sheriff of Wayne County to be returned to Attica State Prison to serve his sentence as originally pronounced.