■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER JACKSON, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County (Ritter, J.), rendered May 22, 1981, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the People, as we must *(see, People v Contes,* 60 NY2d 620), defendant's guilt of the crime of assault in the first degree was proven beyond a reasonable doubt. Contrary to defendant's assertions that the gun went off during a struggle, the testimony of the People's witnesses established that defendant pivoted and aimed the shotgun at the doorway, where the victim was standing. In addition, defendant's claim that the shooting was accidental is refuted by the fact that a number of the People's witnesses saw defendant pause, while he was pursuing the victim, and reload the shotgun. Defendant's conduct before, during and after the commission of the crime was properly considered by the jury on the question of intent *(see,* 1 CJI [NY] 9.31 p 503; *see also, People v Pereau,* 64 NY2d 1055; *People v Bracey,* 41 NY2d 296). There was sufficient evidence for the jury to infer the requisite criminal intent.

We reject the argument that under the circumstances of this case an acquittal on the charged crime of attempted murder requires a reversal of the assault conviction. We note that defendant requested that the court charge the crime of assault in the first degree as a lesser included offense. Where the defendant has requested the court to charge a lesser included offense, he may not argue on appeal that the evidence will not sustain a conviction on the lesser charge *(see, People v Holliday,* 74 AD2d 993).

We also reject defendant's argument that the trial court

erred in denying his motion to set aside the verdict pursuant to CPL 330.30. The court, after conducting a hearing to resolve questions of fact (see, CPL 330.40 [2] [f]), found that defendant failed to establish, by a preponderance of the evidence, the facts essential to support the motion (see, CPL 330.40 [2] [g]). We agree, and see no basis for disturbing the determination regarding questions of fact based upon the credibility of the witnesses who testified (see, People v Lakomec, 94 AD2d 892).

Defendant's remaining arguments were not preserved for appellate review and are, in any event, without merit. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.