■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA BUSTER, Appellant.—Judgment unanimously modified, on the law and facts, and, as modified, affirmed and matter remitted to Erie County Court for further proceedings, in accordance with the following memorandum: Defendant was indicted for one count of robbery in the second degree "in

that being intentionally aided by other persons actually present she forcibly stole certain property * * * from Moses Henry" (Penal Law § 160.10 [1]). Following a bench trial, at which the victim and Laura Rodgers, a witness to the incident, gave testimony, the court found that the "People have proved beyond a reasonable doubt that the defendant stole property from the person of Moses Henry" but that they had "failed to establish * * * that this taking was accomplished by force", adjudged defendant guilty of grand larceny in the third degree (Penal Law § 155.30 [5]) and sentenced her as a second felony offender to an indeterminate term of 1½ to 3 years and imposed a mandatory surcharge of $75. Although we note that grand larceny in the third degree is not a lesser included offense of robbery in the second degree because "[a]n element of the former, the taking of property from the person of another * * * is not required in the latter" (People v Harris, 92 AD2d 738), defendant by affirmatively requesting the lesser charge of grand larceny waived her "right to complain of the trial court's error" (People v Ford, 62 NY2d 275, 283).

In our view, however, the verdict is against the weight of the evidence. The victim testified that defendant stole nothing from his person, although she reached into his pocket while he was seated in his automobile. Rodgers' variant testimony that she saw defendant remove a $20 bill from Henry's pocket is not credible and the People's proof does not establish beyond a reasonable doubt that defendant stole property from Henry's person.

Upon an appeal from a criminal judgment, if we find the trial evidence is not legally sufficient to establish defendant's guilt of the offense of which she was convicted but is legally sufficient to establish guilt of a lesser included offense, we may modify the judgment by changing it to one of conviction for the lesser offense (CPL 470.15 [2] [a]). Here, defendant was convicted of grand larceny in the third degree and, in our view, there is legally sufficient evidence to establish defendant's guilt of the lesser included offense of attempted grand larceny in the third degree (Penal Law §§ 110.00, 110.05 [7]; § 155.30 [5]), a class A misdemeanor. Defendant's conviction is reduced to attempted grand larceny in the third degree and the matter is remitted to Erie County Court to sentence the defendant accordingly (CPL 470.20 [4]). (Appeal from judgment of Erie County Court, Wolfgang, J.—grand larceny, third degree.) Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.