■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY WILLIAMS, Appellant. [688 NYS2d 734] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 17, 1998, upon a verdict convicting defendant of the crime of rape in the third degree.

On November 23, 1995, defendant and his brother-in-law went hunting while defendant's wife and her sister (hereinafter the victim) were at the victim's home. During preparation of the Thanksgiving meal, they were drinking alcoholic beverages such that by the time the evening meal had ended, the victim was highly intoxicated. At around 9:30 P.M., she retired to her bedroom. Her husband and defendant were planning to sleep in the living room since they were leaving early the next morning to go hunting.

According to the victim, she woke up around 1:30 A.M. when she felt heavy breathing on her neck and someone ejaculating inside her. At first, she assumed that the individual was her husband, but turned around and discovered that it was defendant. After defendant left the room, the victim, still intoxicated, ran screaming into the living room to report the incident to her husband. The entire household was awakened and the police were called. Defendant advised the responding Deputy Sheriff that he was being wrongly accused, remaining cooperative, calm and talkative. He, unlike the victim, did not appear to be intoxicated. The victim was thereafter taken to the hospital while defendant was voluntarily transported to the police station. According to defendant, he maintained that he had gone into the victim's bedroom to get a pillow from her bed and had

fallen asleep in the living room before she ran out of her bedroom accusing him of rape.

Forensic evidence revealed that a vaginal and anal swab taken from the victim on the morning of November 24, 1995 were positive for sperm as was the undergarment that she was wearing. DNA analysis performed upon the samples taken revealed that the DNA profile from sperm on the victim's underwear matched defendant's DNA profile.

Indicted for the crime of rape and sodomy in the first degree, a trial ensued. During the People's summation, defense counsel objected and made a motion for a mistrial. County Court denied the motion and instructed the jury that summation was merely an argument of counsel and that they would later be given instructions concerning the subject matter. Upon a second motion for a mistrial, the People admitted the error, describing it as accidental. In denying defendant's second motion, the court concluded that the comments made in the context of the summation did not deprive defendant of a fair trial. The court thereafter advised counsel that it intended to charge the jury concerning the crime of rape in the first degree under the theory that the victim was physically helpless, that the sodomy count would be dismissed for failure of the People to present legally sufficient proof, and that the jury would be charged on rape in the third degree as a lesser included offense as specifically requested by defendant.

Thereafter, the jury returned a guilty verdict on the lesser included offense of rape in the third degree. Defendant now appeals, contending that the evidence was legally insufficient, that the prejudice created by false prosecutorial comments during summation was so severe as to require a new trial, and that the County Court's charge to the jury was sufficiently erroneous and confusing so as to require a reversal.

Upon our review, we conclude that the evidence was both legally sufficient and of ample weight to support the verdict rendered (*see*, *People v Bleakley*, 69 NY2d 490). As to the submission of the lesser included offense of rape in the third degree, we note that it is axiomatic that "[a]ny error by the trial court in considering or submitting to the jury a lesser crime arising out of the same criminal transaction as an indicted crime, that is not in fact a lesser included offense, is waived unless the defendant makes timely objection" (*People v Ford*, 62 NY2d 275, 279). Having affirmatively requested the precise charge now being challenged, we find that defendant waived any right he had to challenge the submission of the charge (*see*, *id.*; *see also*, *People v Corley*, 162 AD2d 1020, *lv*

*denied* 76 NY2d 892; *People v Behlin*, 150 AD2d 591, *lv denied* 74 NY2d 805; *People v Buster*, 122 AD2d 525; *People v Jackson*, 117 AD2d 623, *lv denied* 67 NY2d 944). Moreover, in light of the evidence presented to support the verdict rendered, any impropriety engaged in by the People during summation was not, in our view, sufficiently prejudicial to warrant a new trial (*see, People v Galloway*, 54 NY2d 396; *People v Brosnan*, 32 NY2d 254).

Having reviewed and rejected as without merit defendant's remaining contention concerning the court's charge, we hereby affirm the determination rendered.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.