(January 25, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DUNCAN, Appellant. [720 NYS2d 578] —Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Lamont, J.), rendered December 20, 1996, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and assault in the first degree.

Defendant, a resident of the YMCA in the City of Schenectady, Schenectady County, came to the residential manager's office to discuss, for a second time, the theft of objects from his room. During the discussion, he removed from his backpack a rod or pipe approximately 18 inches in length and a screwdriver approximately 14 inches in length. Fearing for his life, the residential manager attempted to leave the room. In doing so, out of the corner of his eye he observed defendant move toward him and state "you're going to get yours, girl." The victim's next memory is regaining consciousness on the office floor, blind and unable to move his right arm. Defendant was thereafter charged with various crimes relating to this incident. After trial, a jury convicted defendant of attempted murder in the second degree and assault in the first degree. He was then sentenced to concurrent terms of imprisonment of 8⅓ to 25 years for the attempted murder conviction and 5 to 15 years for the assault conviction. Defendant appeals.

First, defendant contends that the statements that he made to the police should have been suppressed because the *Miranda* warnings given were vague and he was unable to understand them by reason of his diminished mental capacity or disease. Statements and admissions are properly suppressed if an individual is impaired to the "extent of undermining his ability to make a choice whether or not to make a statement" (CPL 60.45 [2] [a]; *see, People v May*, 263 AD2d 215, 219, *lv denied* 94 NY2d 950; *People v Miller*, 244 AD2d 828; *People v Gagliardi*, 232 AD2d 879, 880). The prosecution bears the burden of proving, beyond a reasonable doubt, that the statement was in fact voluntary (*see, People v May, supra*, at 219). "Once the prosecution has established the legality of police conduct and the defendant's waiver of rights, the burden of proof at the suppression hearing shifts to the defendant [citation omitted]" (*People v Guillery*, 267 AD2d 781, *lv denied* 94 NY2d 920). A suppression court's factual findings are entitled to great weight and will only be set aside if clearly erroneous (*see, People v May, supra*, at 219).

The record does not support defendant's contention. Twice, within approximately 20 minutes, defendant was read his *Miranda* rights and, on the second of these occasions, it was tape recorded. The tape was played for the benefit of the suppression court and clearly demonstrates that defendant was properly advised of his *Miranda* rights and voluntarily, knowingly and intelligently waived them. Failure to sign the waiver was adequately explained by the absence of his reading glasses and does not lead to the conclusion that he did not properly

waive his rights (*see, People v Grimes*, 210 AD2d 800, *lv denied* 85 NY2d 909).

Next, defendant makes two contentions with respect to his mental state. First, there is no merit to defendant's contention that County Court erred by failing to charge the jury with respect to the affirmative defense of mental defect or disease. In this respect, the record reflects that County Court specifically asked defendant if he understood the purpose of this charge and if he wished to have a jury instruction given. Defendant responded, "No." This decision properly belongs to defendant and not his counsel (*see, People v Petrovich*, 87 NY2d 961, 963). Second, defendant argues that despite his conscious decision not to use this defense, the jury should have been instructed concerning his mental defect or disease as it related to negating his ability to form the requisite intent to commit the crimes with which he was charged (*see, People v Segal*, 54 NY2d 58, 66; *People v Wilcox*, 194 AD2d 820, 821; *People v Ferguson*, 191 AD2d 809, 811; *People v McMillian*, 174 AD2d 759, 761). Although the testimony of defendant's psychiatrist was primarily offered to establish his inability to form the requisite intent to commit the crime, no request to include specific instructions to the jury was made nor was any objection taken to the charge as given, resulting in a waiver of this issue (*see, People v Williams*, 260 AD2d 799, 800, *lv denied* 93 NY2d 1007).

Next, defendant contends that the verdict was against the weight of the evidence. A major premise for this contention is that defendant's statements should be suppressed, a proposition that we have already determined to be without merit. Moreover, even assuming the suppression of the statements, there remains in the record sufficient direct and circumstantial evidence which, when viewed in a neutral light (*see, Jackson v Virginia*, 443 US 307, 319; *People v Carthrens*, 171 AD2d 387, 392), supports the conviction.

Lastly, defendant argues that the sentence was harsh and excessive. We note that the sentence was within permissible statutory ranges in existence at the time and we find nothing in the record to indicate either that the sentencing court abused its discretion or that extraordinary circumstances exist that warrant a modification (*see, People v Archangel*, 272 AD2d 686).

Peters, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.