■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH J. BUSH, Appellant. [788 NYS2d 258]—

Lahtinen, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 17, 2003, upon a verdict convicting defendant of the crime of rape in the second degree.

The 14-year-old victim alleged that defendant, who was 19 years old, came into her bedroom and forcibly engaged in sexual intercourse. Upon questioning by police, defendant acknowledged some sexual contact, but he contended that it was initiated by the victim and denied that intercourse ever occurred. Defendant was indicted for the crimes of rape in the first degree, rape in the second degree and two counts of sexual abuse in the first degree. Following a jury trial, he was convicted of rape in the second degree under Penal Law § 130.30 (1), and acquitted of the other charges. Defendant was sentenced to a term of incarceration of 1 to 3 years and now appeals.

Defendant argues that the evidence was not legally sufficient to support the verdict. The elements of the crime of which defendant was convicted are that a person 18 years old or over engaged in sexual intercourse with another who is less than 15 years old. The age elements being present, the issue distills to whether sexual intercourse occurred. The victim testified that, among other things, defendant removed her underwear, got on top of her and that his penis penetrated her vagina. Viewed in the light most favorable to the People (see People v Chapin, 265 AD2d 738, 738-739 [1999], lv denied 94 NY2d 917 [2000]), this evidence was legally sufficient.

Next, we address defendant's weight of the evidence argument in which we examine the evidence in a neutral light and weigh the conflicting evidence and inferences, while according due deference to the jury's resolution of credibility issues (see People v Herring, 305 AD2d 855, 855 [2003], lv denied 100 NY2d 582 [2003]). A key issue was the credibility of the victim. While

the jury's verdict reflects that it rejected the victim's contention of force, it chose to believe her assertion that sexual intercourse occurred. A jury is "free to selectively credit and reject any part of the testimony presented" by a witness (*People v Thornton*, 263 AD2d 782, 782-783 [1999], *lv denied* 93 NY2d 1046 [1999]; *see People v Rose [Cousins]*, 215 AD2d 875, 876 [1995], *lvs denied* 86 NY2d 793, 801 [1995]). Defendant's statement to police placed him in the victim's bedroom and engaging in sexual contact, but not intercourse. After review of the record and weighing the evidence therein, we are unpersuaded that the jury's determination of credibility should be disregarded or that the verdict is otherwise against the weight of the evidence.

Defendant contends that County Court erred in denying his request for a judicial subpoena seeking to determine whether the St. Lawrence County Department of Social Services had records regarding the victim and whether such records revealed that she had previously made unfounded accusations of sexual assault. With regard to such confidential records, while there is "no inviolable shield to prevent the discovery of what might turn out to be relevant and exculpatory material," the party seeking access nevertheless must "put[ ] forth in good faith . . . some factual predicate which would make it reasonably likely that the file will bear such fruit and that the quest for its contents is not merely a desperate grasping at a straw" (*People v Gissendanner*, 48 NY2d 543, 550 [1979]). Here, the application was supported solely by speculation in an attorney's affidavit, without even an indication of the basis for that speculation. Accordingly, County Court did not abuse its discretion in denying the application (*cf. People v Carpenter*, 240 AD2d 863, 864 [1997], *lv denied* 90 NY2d 902 [1997]; *People v Davis*, 203 AD2d 300, 300 [1994], *lvs denied* 83 NY2d 966 [1994]).

We have reviewed and, to the extent such issues were preserved for review, found unpersuasive the assertion that defendant was denied a fair trial by certain testimony of an investigating officer, the manner in which County Court treated defense counsel, the court's evidentiary rulings and the supplemental jury charge. Nor do we find an abuse of discretion in the sentence imposed or extraordinary circumstances meriting a reduction thereof (*see People v Harden*, 6 AD3d 987, 987-988 [2004]).

Peters, J.P., Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.