■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK W. LAYTON, Appellant. [792 NYS2d 239]—

Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 30, 2003, upon a verdict convicting defendant of the crime of robbery in the third degree.

Defendant, who was dating the victim, approached her as she was walking on a street in the City of Binghamton, Broome County. An argument ensued, defendant struck the victim several times and struggled to take her purse. Defendant eventually gained possession of the purse and fled the scene. The incident was observed by two witnesses, who testified at the trial regarding their observations. Following a jury trial, defendant was found guilty of the crime of robbery in the third

degree. He was sentenced, as a second felony offender, to a term of incarceration of 3 to 6 years. Defendant appeals.

We are unpersuaded by defendant's contention that County Court's charge shifted the burden of proof from the People to him on the element of intent. The charge provided that the People had the burden on every element of the crime, that the burden of proof never shifted, and that intent was an element of the charged crime. Moreover, defendant did not request a more detailed charge on the element of intent at the precharge conference nor was any objection voiced following the charge (*see People v Duncan*, 279 AD2d 887, 889 [2001], *lv denied* 96 NY2d 828 [2001]).

Next, defendant argues that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Both arguments are premised primarily upon the fact that the victim gave inconsistent statements regarding ownership of the money in her purse. She testified at trial that the money belonged to her, whereas she had related in a statement to police that it was defendant's money. Viewing the evidence most favorably to the People under the familiar standard of review for legal sufficiency, there was adequate evidence for a rational juror to conclude beyond a reasonable doubt that each element of the charged crime was presented (*see People v Hunter*, 273 AD2d 500, 502-503 [2000], *lv denied* 95 NY2d 935 [2000]). Considering the weight of the evidence, we note that the victim testified that she was directed by defendant and his mother to state to police that the money belonged to defendant. She retracted and explained that statement at trial and she also testified about the other contents of her purse that were removed and not returned. After weighing the probative force of the conflicting evidence, we conclude that the verdict was not against the weight of the evidence (*see People v Almarez*, 2 AD3d 1151, 1152 [2003], *lv denied* 2 NY3d 761 [2004]).

Defendant asserts that comments by the prosecutor during summation deprived him of a fair trial. Although this issue was not properly preserved by an objection at trial (*see People v Parker*, 220 AD2d 815, 816 [1995], *lv denied* 87 NY2d 1023 [1996]), our review reveals that reversal in the interest of justice is not required. Factors frequently considered in determining whether a prosecutor's conduct requires reversal include "the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct" (*People v Tarantola*, 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954

[1992]; *see People v Russell*, 307 AD2d 385, 386 [2003]). Here, when the prosecutor started down the improper path of expressing personal opinions about witnesses (*see People v Levandowski*, 8 AD3d 898, 900 [2004]), she was abruptly stopped by County Court, which then gave a detailed and strong curative instruction to the jury. While not every curative instruction can adequately dispel prejudice (*see People v Calabria*, 94 NY2d 519, 523 [2000]), our review of this record convinces us that the conduct was curtailed before becoming so prejudicial as to require a new trial.

Defendant's remaining arguments—including his challenge to County Court's *Sandoval* ruling and his assertion that he did not receive the effective assistance of counsel—have been considered and found unpersuasive.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.