■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES S. DANN, Appellant. [793 NYS2d 852]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 15, 2004. The judgment convicted defendant, upon a jury verdict, of attempted assault in the first degree and reckless endangerment in the first degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of three counts of reckless endangerment in the first degree and as modified the judgment is affirmed, and a new trial is granted on counts three through five of the indictment.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and three counts of reckless endangerment in the first degree (§ 120.25). Defendant failed to preserve for our review his contentions that counts one and three through five of the indictment are multiplicitous and that counts three through five are duplicitous (*see People v Morey*, 224 AD2d 730, 731 [1996], *lv denied* 87 NY2d 1022 [1996]; *see also People v Bryan*, 270 AD2d 875 [2000], *lv denied* 95 NY2d 904 [2000]) and, in any event, those contentions are lacking in merit (*see generally People v Arnold*, 15 AD3d 783 [2005]; *People v Cunningham*, 12 AD3d 1131, 1132 [2004]; *People v Grosso*, 281 AD2d 986, 987 [2001], *lv denied* 96 NY2d 800 [2001]). We also reject defendant's contention that the 911 tape was improperly admitted in evidence because it bolstered the testimony of one of the victims. The 911 tape was properly admitted pursuant to the present sense impression exception to the hearsay rule (*see People v Buie*, 86 NY2d 501, 503 [1995]). The availability of that victim at trial did not "preclude the admissibility of the tape under that hearsay exception," nor did the admission of the tape improperly bolster her testimony in this case (*id.*).

We reject defendant's further contentions that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that County Court erred in failing to charge reckless endangerment in the second degree as a lesser included offense

of reckless endangerment in the first degree (*see generally People v Glover*, 57 NY2d 61, 63 [1982]). The first prong of the *Glover* test is met because it is "theoretically impossible to commit reckless endangerment in the first degree without also committing reckless endangerment in the second degree" (*People v Smith*, 234 AD2d 997, 997 [1996], *lv denied* 89 NY2d 1101 [1997]), and the second prong is met because there is a reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater offense (*see generally Glover*, 57 NY2d at 63). The People presented evidence that defendant shot at the victims' house from a distance of 50 yards, using birdshot as ammunition, and thus there is a "reasonable view of the evidence that defendant's conduct created a substantial risk of serious physical injury to each victim but did not create a grave risk of death" (*Smith*, 234 AD2d at 997). We therefore modify the judgment by reversing those parts convicting defendant of three counts of reckless endangerment in the first degree, and we grant a new trial on counts three through five of the indictment. We reject defendant's contention with respect to the severity of the sentence imposed on the attempted assault conviction. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Scudder, Gorski, Pine and Lawton, JJ.