■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON KIRKER, Appellant. [799 NYS2d 634]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 9, 2004 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the second degree.

In July 2003, the Drug Enforcement Agency (hereinafter DEA) set up a controlled buy between defendant and a confidential informant. In preparation for the buy, the DEA recorded a telephone conversation between the confidential informant and defendant wherein the two agreed to meet at defendant's residence in the City of Albany. The confidential informant was searched for contraband, fitted with a microphone and transmitter and given $1,200 in prerecorded buy money. He then proceeded to defendant's residence under DEA surveillance, and exchanged the $1,200 for approximately 20 grams of cocaine. The entire transaction was recorded. Once the confidential informant returned to the DEA office, he relinquished the cocaine and was again searched for contraband.

As a result of the controlled buy, defendant was charged with one count of criminal sale of a controlled substance in the second degree. At trial, defendant admitted to selling drugs to the confidential informant, but maintained that the substance sold was marihuana, not cocaine. The jury convicted defendant of the crime charged and Supreme Court sentenced him to a prison term of four years to life.

On appeal, defendant contends that prosecutorial misconduct impinged on his due process right to a fair trial by the People's repeated attempts to shift or mitigate the burden of proof and infer that he was prone to dealing illicit drugs. In assessing that claim, we consider " 'the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct' " (*People v Layton*, 16 AD3d 978, 979 [2005], quoting *People v Tarantola*, 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]). While it is evident that certain of the prosecutor's remarks might have been better left unsaid, they do not—singularly or cumulatively—reflect a " 'flagrant and pervasive pattern of prosecutorial misconduct' " requiring reversal (*People v Jones*, 283 AD2d 665, 668 [2001], *lv denied* 96 NY2d 903 [2001], quoting *People v Demming*, 116 AD2d 886, 887 [1986], *lv denied* 67 NY2d 941 [1986]; *see People v McCombs*,

18 AD3d 888, 890 [2005]; *People v Roberts*, 12 AD3d 835, 837 [2004], *lv denied* 4 NY3d 802 [2005]; *People v Trinidad*, 5 AD3d 231, 231 [2004], *lv denied* 2 NY3d 808 [2004]; *People v Skaar*, 225 AD2d 824, 826 [1996], *lv denied* 88 NY2d 854 [1996]). Any prejudice resulting from reference to defendant's status as a "drug dealer" was significantly minimized by the fact that when defendant testified at trial, he admitted that he sold drugs to the confidential informant on the occasion in question. With the issuance of appropriate curative instructions (*see People v Quiller*, 298 AD2d 712, 713 [2002], *lv denied* 99 NY2d 618 [2003]) and overwhelming evidence of defendant's guilt, the errors, if any, were harmless (*see People v Hilts*, 224 AD2d 824, 826 [1996], *lv denied* 88 NY2d 937 [1996]).

We also reject defendant's claim that the confidential informant improperly testified, on redirect examination, that he previously purchased illicit drugs from defendant. While defendant concedes that the confidential informant never explicitly so testified, he asserts that the jury was able to "connect the dots" and draw such an inference from a series of questions spanning the confidential informant's direct, cross and redirect examinations. We disagree. Defendant's "connect the dot" theory is not only tenuous, but also belied by the fact that it was defendant's own cross-examination that spawned the need to clarify the number of times that the confidential informant worked with the DEA. For these reasons, the challenged testimony was properly admitted since defendant opened the door to the prosecutor's limited redirect examination (*see People v Conway*, 297 AD2d 398, 399 [2002], *lv denied* 99 NY2d 581 [2003]).

Having considered and rejected defendant's remaining contentions as without merit, we affirm.

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.