■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND EDWARDS, Appellant. [833 NYS2d 280]—

Kane, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 8, 2004, upon a verdict convicting defendant of the crimes of rape in the second degree, unlawfully dealing with a child in the first degree and endangering the welfare of a child.

Defendant was charged with several crimes in connection with an incident where he smoked marihuana with a 14-year-old girl, then had a sexual encounter with her. He appeals from his conviction of rape in the second degree, unlawfully dealing with a child in the first degree and endangering the welfare of a child. We affirm.

Although a different verdict would not have been unreasonable, upon our independent review of the evidence, giving deference to the jury's personal observation of witnesses, we determine that the verdict was not against the weight of the evidence (*see People v Tirado*, 19 AD3d 712, 713-714 [2005], *lv denied* 5 NY3d 810 [2005]). In his taped statement to police, defendant admitted that he was 31 years old, the victim was in his apartment, he provided her with marihuana and he had sexual contact with her, but he denied penetration. The victim testified that penetration occurred. Scientific evidence revealed that defendant's sperm was located on the victim's sanitary napkin. It was not unreasonable for the jury to accept the victim's version of events, including that penetration occurred (*see People v Kittles*, 23 AD3d 775, 776 [2005], *lv denied* 6 NY3d 755 [2005]; *People v Bush*, 14 AD3d 804, 804-805 [2005], *lv denied* 4 NY3d 852 [2005]).

The prosecutor's summation did not deprive defendant of a fair trial. The prosecutor did not bolster a witness's testimony, and what defendant refers to as a mischaracterization of testimony was little more than the prosecutor's interpretation.

In any event, County Court sustained defendant's objection and instructed the jury that summations were merely the attorneys' arguments, and that the jury should rely on its own recollection of the testimony. While the comment that there was no explanation to support one of defendant's arguments appeared to shift the burden of proof (*see People v Allen*, 13 AD3d 892, 898 [2004], *lv denied* 4 NY3d 883 [2005]), the court sustained an objection before the prosecutor even finished her sentence. Under the circumstances, the minor inappropriate comments here were not flagrant or pervasive and did not impede defendant's right to a fair trial (*see People v Kirker*, 21 AD3d 588, 589-590 [2005], *lv denied* 5 NY3d 853 [2005]; *People v Wilt*, 18 AD3d 971, 972 [2005], *lv denied* 5 NY3d 771 [2005]).

Finally, County Court did not abuse its discretion in imposing the maximum sentence on the rape charge (*see People v Bush, supra* at 805).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.