■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PLAZA, Appellant. [874 NYS2d 621]—

Kavanagh, J. Appeal from a judgment of the County Court of

Ulster County (Bruhn, J.), rendered November 26, 2007, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was charged with murder in the second degree and manslaughter in the first degree after he was alleged to have assaulted, choked and strangled to death his live-in girlfriend. After a jury trial, defendant was convicted of murder in the second degree and sentenced to a prison term of 25 years to life. This appeal ensued. As we find that defendant's claims have no merit, we affirm.

Defendant claims that County Court made certain erroneous rulings during jury selection that constituted reversible error and require reversal of his conviction. During voir dire, one prospective juror acknowledged that she had certain predisposed beliefs that took a dim view of individuals who sought to use intoxication as an excuse for improper or inappropriate behavior. Another prospective juror stated that given her occupation as a counselor, she had strong views regarding the propriety of conduct that would qualify as domestic violence. Both the People and defendant challenged the first juror for cause and defendant made a similar challenge as to the second. County Court denied the challenges and defendant removed both prospective jurors by exercising two peremptory challenges.

Defendant argues that County Court's denial of his challenge for cause as to these two prospective jurors amounted to reversible error because each demonstrated, by their answers to questions put to them during voir dire, that they were "clearly biased." However, even if we were to find that the court erred in its ruling on these challenges, defendant did not exhaust his full allotment of peremptory challenges during the course of the trial and, therefore, it would not constitute reversible error (*see* CPL 270.20 [2]; *People v Lynch*, 95 NY2d 243, 248 [2000]; *People v Doherty*, 37 AD3d 859, 860 [2007], *lv denied* 9 NY3d 843 [2007]).

Defendant also argues that County Court erred by refusing his request for a subpoena duces tecum directing the Ulster County Department of Mental Health to produce records pertaining to mental health treatment that the agency provided the victim prior to her death. Disclosure of such records can only be made "upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality" (Mental Hygiene Law § 33.13 [c] [1]; *see Matter of Richard SS.*, 29 AD3d 1118, 1123 [2006]). However, access to such records must be provided if a defendant can demonstrate that the records contain data "relevant and material to the determination

of guilt or innocence" (*People v Gissendanner*, 48 NY2d 543, 548 [1979]; *see People v Bush*, 14 AD3d 804, 805 [2005], *lv denied* 4 NY3d 852 [2005]). Here, in his application for the subpoena, defendant argued that the People would seek to introduce evidence at trial "about past relations between defendant and decedent" and that these records were needed to provide the jury with "a balanced impression" of that relationship. In opposing disclosure, the People represented that they had no intention of presenting such evidence at trial and the record reveals that no such evidence was, in fact, presented. In addition, such a proffer would not have served to make the victim's mental state relevant to the issue of defendant's guilt or innocence. As such, defendant's application for the subpoena utterly failed to establish that these documents had any relevance or were in any way material to any legitimate issue to be raised at trial (*see People v Reddick*, 43 AD3d 1334, 1335 [2007], *lv denied* 10 NY3d 815 [2008]; *People v Singh*, 16 AD3d 974, 976 [2005], *lv denied* 5 NY3d 769 [2005]).

Defendant also argued that these records were relevant to determine whether the victim had been prescribed any medications in connection with her treatment that, if found in her system, could have "impacted the speed with which death by strangulation would have occurred." Initially, we note that this argument, which appears to be based entirely upon speculation and conjecture, was not made in defendant's written application before County Court for the subpoena. In addition, defendant not only was provided with a report that itemized the drugs found in the victim's system at the time of her death, but his counsel cross-examined the pathologist who performed the autopsy as to the presence of these drugs in the victim's system and what impact they had on the cause of her death. Under these circumstances, it was not error for County Court to refuse to issue the subpoena or require disclosure of these records.

To the extent not specifically addressed herein, defendant's remaining claims have been reviewed and found to be lacking in merit.

Cardona, P.J., Mercure, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.