◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMETT BAKER, Appellant. [889 NYS2d 345]—Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered July 17, 2008. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (six counts) and course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of six counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and one count of course of sexual conduct against a child in the first degree (§ 130.75 [1] [a]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence by failing to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, defendant's challenge lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant further contends that County Court committed reversible error in refusing to charge the jury on the issue of joinder of offenses (*see* 1 CJI [NY] 5.39, at 239). Although we agree with defendant that the court erred in denying his request for that charge, we conclude that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted had that charge been given (*see generally People v Brian*, 84 NY2d 887, 889 [1994]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Defendant failed to preserve for our review his contention that counts four and six, charging defendant with sexual abuse in the first degree with respect to the same victim, were multiplicitous (*see People v Dann*, 17 AD3d 1152, 1153 [2005], *lv denied* 5 NY3d 761 [2005]). In any event, we conclude that defendant's contention lacks merit (*see id.*). Defendant also failed to preserve for our review his challenge to the court's *Sandoval* ruling (*see People v Miller*, 59 AD3d 1124, 1125 [2009], *lv denied* 12 NY3d 819 [2009]), and we decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant's contention that the evidence before the grand jury was legally insufficient with respect to counts two and three of the indictment "is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]; *see People v Lee*, 56 AD3d 1250, 1251 [2008], *lv denied* 12 NY3d 818 [2009]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Carni and Pine, JJ.