■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAHKIEM FIELDS, Appellant. [891 NYS2d 706]—

Rose, J.

Defendant was charged by indictment with two counts of assault in the second degree and one count of criminal possession of a weapon in the third degree based upon allegations that he had used a knife to inflict wounds on two victims. At trial, defendant asserted that he had acted in self-defense. Apparently crediting that defense, the jury acquitted him of the assault charges, but found him guilty on the weapon charge. County Court sentenced him to a term of 2⅓ to 7 years in prison.

On appeal, defendant contends that he was deprived of a fair trial by the prosecution's attempts during jury selection to shift the burden of proof to him. In assessing that claim, we consider " 'the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct' " (*People v Layton*, 16 AD3d 978, 979 [2005], *lv denied* 5 NY3d 765 [2005], quoting *People v Tarantola*, 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]).

The prosecutor's remarks here should not have been made and properly drew warnings from County Court because they suggested that defendant had acted unreasonably and not been an innocent victim. The comments, however, were brief, made during jury selection when the prospective jurors had been told little more than that defendant had struck the victims and, in view of County Court's prompt intervention and curative instructions concerning the burden of proof, they cannot be said to be flagrant and pervasive or seen as having shifted the burden of proof (*see People v Edwards*, 38 AD3d 1133, 1134 [2007], *lv denied* 9 NY3d 864 [2007]; *People v Kirker*, 21 AD3d 588, 589-590 [2005], *lv denied* 5 NY3d 853 [2005]; *People v Roberts*, 12 AD3d 835, 837-838 [2004], *lv denied* 4 NY3d 802 [2005]). In any event, the error was harmless because the comments related only to the assault charges and the jury acquitted defendant of those charges (*see People v Perser*, 67 AD3d 1048, 1050 [2009]).

We also are unpersuaded that the sentence was an abuse of discretion or that extraordinary circumstances exist that would merit reducing the sentence, despite defendant's lack of a significant criminal history (*see People v Perkins*, 62 AD3d 1160, 1162 [2009], *lv denied* 13 NY3d 748 [2009]; *People v Ashley*, 45 AD3d 987, 989 [2007], *lv denied* 10 NY3d 761 [2008]).

Mercure, J.P., Spain, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.