# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

507

**KA 08-02457**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JASON TARO, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 5, 2008. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, criminal sexual act in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal sexual act in the first degree and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of predatory sexual assault against a child (Penal Law § 130.96), criminal sexual act in the first degree (§ 130.50 [3]), sexual abuse in the first degree (§ 130.65 [3]), and endangering the welfare of a child (§ 260.10 [1]). We note at the outset that defendant is correct that his conviction under count two of the indictment, charging criminal sexual act in the first degree (§ 130.50 [3]) must be reversed and that count dismissed as a lesser inclusory concurrent count of count one, charging predatory sexual assault against a child (*see People v Alford*, 65 AD3d 1392, 1394, *mod on other grounds* 14 NY3d 846; *see generally People v Scott*, 61 AD3d 1348, 1349-1350, *lv denied* 12 NY3d 920, 13 NY3d 799). We therefore modify the judgment accordingly. Defendant's further contention that counts one and two are multiplicitous is unpreserved for our review (*see* CPL 470.05 [2]), and we conclude in any event that his contention is without merit (*see People v Baker*, 67 AD3d 1446, 1447, *lv denied* 14 NY3d 769; *People v Dann*, 17 AD3d 1152, 1153, *lv denied* 5 NY3d 761).

Although defendant failed to preserve for our review his further contention that he was deprived of a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]), we would nevertheless reject that

contention even if defendant had preserved it for our review. "Reversal on grounds of prosecutorial misconduct 'is mandated only when the conduct has caused such substantial prejudice to the defendant that he [or she] has been denied due process of law' " (*People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711), and that is not the case here.  We reject defendant's further contentions that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147), and that the sentence is unduly harsh and severe.  We have reviewed defendant's remaining contentions and conclude that none requires reversal or further modification of the judgment.

Entered:  June 8, 2012                              Frances E. Cafarell
                                                    Clerk of the Court