People v Sharlow (2023 NY Slip Op 03260)

People v Sharlow

2023 NY Slip Op 03260

Decided on June 15, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023 

111219
[*1]The People of the State of New York, Respondent,
v
Keith D. Sharlow, Appellant.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of St. Lawrence County (Jerome J. Richards, J.), rendered February 13, 2019, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child (two counts), criminal sexual act in the first degree (two counts), rape in the first degree (four counts), rape in the second degree, rape in the third degree (three counts), incest in the first degree, incest in the third degree and endangering the welfare of a child.
In September 2016, defendant was charged by a five-count indictment with rape in the first degree, rape in the third degree, incest in the first degree, incest in the third degree and endangering the welfare of a child. In January 2017, a second indictment, which was consolidated with the first indictment (see CPL 200.20 [2], [4]), charged defendant with predatory sexual assault against a child (counts 6, 7 and 8), criminal sexual act in the first degree (counts 9, 10 and 11), rape in the first degree (counts 12, 13 and 14), rape in the second degree (count 15) and rape in the third degree (counts 16 and 17).[FN1] Prior to trial, defendant sought to subpoena the victim's counseling records and County Court (Champagne, J.) denied the request. During the trial, County Court granted the People's motion to amend the indictment to reflect the time frame testified to by the victim. The trial ended in a mistrial when a juror became unavailable during deliberations.
Following a second jury trial, defendant was convicted as charged. After an unsuccessful CPL 330.30 (2) motion to set aside the verdict based on the alleged undisclosed bias of a juror, County Court (Richards, J.) sentenced defendant as a second felony offender to a prison term of 18 years to life for his convictions on counts 6 and 8, as a second violent felony offender to a prison term of 20 years, followed by 20 years of postrelease supervision, for his conviction on count 1, and to lesser or equal concurrent terms of incarceration on the remaining convictions. Defendant appeals.
Defendant contends that his convictions are not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Specifically, he argues that the victim's testimony was unworthy of belief due to its lack of details, lack of corroboration and repetitiveness. "When assessing the legal sufficiency of a jury verdict, we view the facts in the light most favorable to the People and examine whether there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Rivera, 212 AD3d 942, 944 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 39 NY3d 1113 [2023]). "In contrast, when undertaking a weight of the evidence review, this Court must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and[, if not,] then weigh the [*2]relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Santiago, 206 AD3d 1466, 1467 [3d Dept 2022] [internal quotation marks and citations omitted]).
The victim, defendant's female relative, testified that from 2010 through 2016, beginning when she was nine years old and ending when she was 15, defendant performed oral sex on her, digitally penetrated her and engaged her in sexual intercourse. She provided detailed testimony regarding six specific incidents. It is undisputed that defendant was over 18 years of age during the relevant time period. A forensic scientist with the State Police testified concerning the DNA analysis of the victim's clothing, stating that defendant and his biological paternal relatives could be included as possible DNA contributors. Viewing the foregoing evidence in the light most favorable to the People, we find the jury could properly credit the victim's testimony and the evidence is legally sufficient to support conviction of all counts except incest in the first degree (see People v Garcia, 203 AD3d 1228, 1229 [3d Dept 2022], lv denied 38 NY3d 1032 [2022]; People v Hansel, 200 AD3d 1327, 1330 [3d Dept 2021], lv denied 38 NY3d 927 [2022]; People v Horton, 173 AD3d 1338, 1340 [3d Dept 2019], lv denied 34 NY3d 933 [2019]).[FN2]
As to the weight of the evidence, a different finding would not have been unreasonable had the jury not credited the victim's testimony. However, her credibility was fully explored at trial and was generally corroborated by the DNA testimony. "A jury is free to selectively credit and reject any part of the testimony presented by a witness" and the jury chose to believe the victim (People v Bush, 14 AD3d 804, 805 [3d Dept 2005] [internal quotation marks and citations omitted], lv denied 4 NY3d 852 [2005]). After viewing the evidence in a neutral light and giving deference to the jury's credibility assessments, we find that the weight of the evidence supports the verdict in all respects, with the exception of count 3 as noted above (see People v Green, 208 AD3d 1539, 1542 [3d Dept 2022]; People v Cummings, 188 AD3d 1449, 1454 [3d Dept 2020], lv denied 36 NY3d 1096 [2021]; People v Stocum, 143 AD3d 1160, 1163 [3d Dept 2016]).
Defendant further contends that County Court (Champagne, J.) erred when it denied his motion seeking a subpoena duces tecum compelling production of the victim's counseling records.[FN3] Defendant sought the records as a possible basis for challenging the victim's credibility and fabrication of the allegations, arguing that the records would show that the victim did not disclose the abuse during these counseling sessions. "In general, [counseling] records are confidential and will not be discoverable where sought as a fishing expedition searching for some means of attacking the victim's credibility. Access will be provided[*3], however, where a defendant can demonstrate a good faith basis for believing that the records contain data relevant and material to the determination of guilt or innocence, a decision which will rest largely on the exercise of a sound discretion by the trial court" (People v Kiah, 156 AD3d 1054, 1056-1057 [3d Dept 2017] [internal quotation marks and citations omitted], lv denied 31 NY3d 984 [2018]). Here, defendant's application was "supported solely by speculation in an attorney's affidavit, without even an indication of the basis for that speculation" (People v Bush, 14 AD3d at 805), and "utterly failed to establish that these documents had any relevance or were in any way material to any legitimate issue to be raised at trial" (People v Plaza, 60 AD3d 1153, 1155 [3d Dept 2009], lv denied 12 NY3d 919 [2009]). Moreover, defendant was able to cross-examine the victim regarding her failure to immediately disclose the sexual abuse, including while attending the counseling sessions, without access to the records. Accordingly, County Court did not abuse its discretion in denying the application (see People v Bush, 14 AD3d at 805; People v Plaza, 60 AD3d at 1155).
We further find that County Court did not err in allowing the People to amend the indictment during the first trial. "At any time before or during trial, the court may, upon application of the [P]eople and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits" (CPL 200.70 [1]; see People v Baber, 182 AD3d 794, 800 [3d Dept 2020], lv denied 35 NY3d 1064 [2020]). Here, the original indictment asserted that defendant engaged in sexual intercourse with the victim on or about the summer 2015. The People moved to amend the indictment to reflect the time frame "between March 2015 and the end of the school year 2015." As the amendment did not alter the theory of prosecution, only slightly expanded the time frame, and defendant did not present an alibi defense, there was no prejudice to defendant, who had sufficient time to prepare for the second trial after the indictment was amended (see People v Davis, 21 AD3d 590, 592 [3d Dept 2005]; People v Grimes, 301 AD2d 953, 954-955 [3d Dept 2003], lv denied 99 NY2d 654 [2003]; People v Leon, 115 AD2d 907, 908 [3d Dept 1985]).
We find no merit to defendant's contention that County Court (Richards, J.) improperly limited his cross-examination of the victim, and in so doing deprived him of his constitutional right of confrontation. "Although a criminal defendant is guaranteed the right to confront all adverse witnesses through cross-examination, that right is not unlimited[*4]" (People v Doane, 212 AD3d 875, 882 [3d Dept 2023] [internal quotation marks and citations omitted]). "A trial court may impose reasonable limits on a defendant's cross-examination of a witness based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant" (People v Gertz, 204 AD3d 1166, 1169 [3d Dept 2022], lv denied 38 NY3d 1070 [2022]) [internal quotation marks and citations omitted]). We find County Court's limitation on defendant's cross-examination of the victim was reasonable. Before limiting same, the court allowed defendant to extensively cross-examine the victim which, among other things, elicited testimony from her pertaining to the family dynamics and the victim's often fraught relationship with certain relatives in support of his defense of fabrication (see People v Porter, 184 AD3d 1014, 1018 [3d Dept 2020], lv denied 35 NY3d 1069 [2020]; People v Gannon, 174 AD3d 1054, 1061 [3d Dept 2019], lv denied 34 NY3d 980 [2019]).
Modification of the judgment is required due to defendant's conviction of inclusory concurrent charges. " 'With respect to inclusory concurrent counts, a verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted' " (People v Davis, 155 AD3d 1311, 1317 [3d Dept 2017] [ellipsis and brackets omitted], lv denied 30 NY3d 1114 [2018], quoting CPL 300.40 [3] [b]). We agree with defendant, and the People correctly concede, that criminal sexual act in the first degree (two counts) must be reversed and dismissed as inclusory concurrent counts of predatory sexual assault against a child (see People v Taro, 96 AD3d 1371, 1371-1372 [4th Dept 2012], lv denied 19 NY3d 1001 [2012]). Defendant's contention that incest in the third degree must be dismissed as an inclusory concurrent count of incest in the first degree is moot, as this Court has now dismissed the latter count.
Defendant also contends that County Court abused its discretion in denying his CPL 330.30 (2) motion, without a hearing. "A verdict may be set aside if during the trial there occurred, out of the presence of the court, improper conduct by a juror, which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict" (People v Bush, 184 AD3d 1003, 1009 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted]), lv denied 35 NY3d 1093 [2020]). The trial court is vested with discretion in deciding the motion and each case must be examined on its unique facts (see People v Quinn, 210 AD3d 1284, 1290 [3d Dept 2022], lv denied 39 NY3d 1079 [2023]; People v Tubbs, 115 AD3d 1009, 1012 [3d Dept 2014]).
Defendant's motion was predicated upon the allegation that juror No. 7 engaged in improper conduct by failing to disclose his family's history of animosity and altercations with defendant's family. In support of the motion[*5], defendant attached his brother's affidavit describing an alleged long-time feud between the two families. The record shows that none of the incidents described by the brother were recent, nor did any directly involve the juror and defendant. Moreover, juror No. 7 had disclosed having some familiarity with defendant and, as defendant was an active participant in voir dire, he had an opportunity to question juror No. 7's acknowledged familiarity of defendant and the basis for same, but failed to do so prior to the rendition of the verdict. We find defendant's reliance on People v Estella (68 AD3d 1155 [3d Dept 2009]) is misplaced. Estella involved a juror who, after trial, admitted to the prosecutor that his guilty verdict was based upon the defendant's race, clearly evidencing improper bias and prejudice. Here, only mere speculation exists that juror No. 7 may have harbored some unknown bias. In view of the foregoing, County Court did not abuse its discretion in denying defendant's CPL 330.30 motion (see People v Quinn, 210 AD3d at 1291; People v Scanlon, 52 AD3d 1035, 1039 [3d Dept 2008], lv denied 11 NY3d 741 [2008]; People v Barrett, 231 AD2d 806, 807 [3d Dept 1996]; People v Walsh, 222 AD2d 735, 736 [3d Dept 1995], lv denied 88 NY2d 855 [1996]).
Garry, P.J., Egan Jr., Clark and Ceresia, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's convictions of incest in the first degree and two counts of criminal sexual assault in the first degree under counts 3, 9 and 11 of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.

Footnotes

Footnote 1: Prior to trial, counts 7 and 10 were dismissed.

Footnote 2: The People concede, and our review of the record confirms, that this Court must dismiss the charge of incest in the first degree (count 3) for failure to prove the age element. The statute requires that defendant must have committed either the crime of rape in the first degree or criminal sexual act in the first degree while the victim was less than 11 or 13 years of age, respectively. The victim was 15 years old on July 27, 2016, the date of the incident alleged in count 3.
Footnote 3: Family Court (Morris, J.) mandated family counseling as part of a previous neglect/maltreatment proceeding involving the victim.