THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* GIUSEPPE LEONTI, Appellant.

(Argued June 5, 1933; decided July 11, 1933.)

*Joseph S. Gersham, Samuel Stark, Joseph Pascocello*
and *George H. Combs, Jr.,* for appellant.

*Thomas C. T. Crain, District Attorney (Robert C. Taylor* of counsel), for respondent.

*Per Curiam.* Defendant has been convicted of murder in the first degree for the killing of his daughter. He raised the issue of fact that the homicide was committed not by him but by his son-in-law, the husband of the slain woman. The verdict, based as it is upon conflicting testimony in which the question of defendant's credibility was a predominant element, is not contrary to the weight of evidence.

Many incidents occurring during the course of the trial form the ground work for the argument that defendant did not have a fair trial. The chief point bearing upon this question is the alleged disqualification of a juror. On this motion for a new trial, these affidavits, in the absence of denials, stand as conclusive proof of disqualification. No opposing affidavit was submitted nor did the trial judge cause to appear before him for oral examination the juror whose status was assailed.`

If the testimony of defendant, who is a Sicilian, was worthy of belief, his innocence was established. On the examination of talesmen, one who was later accepted as a juror in answer to inquiries by defendant's counsel replied that he had no prejudice against Italians of foreign birth, that he could be impartial and could accord to defendant the same deal that he could accord anybody. On this statement he was accepted as qualified. The

moving affidavits set forth that after the rendition of the verdict this juror stated: "I wouldn't believe a Sicilian under oath, and none of the jurors would.  *  *  *  Until the defendant took the stand I had some doubts, but when he took the stand and I found out that he was a Sicilian, I no longer had any doubts." These affidavits may be untrue but their contents are not denied nor was any effort made by the trial court to discover their truth or falsity.

This is not a case of refusal to receive evidence of misconduct of a juror for the purpose of impeaching a verdict. (*People* v. *Sprague*, 217 N. Y. 373.) As the affidavits stand undenied, they constitute convincing proof that this talesman never was eligible to become a member of the jury, that from the beginning he was disqualified on the ground of prejudice and that his vote for conviction was, therefore, a nullity. (Cf. *Clark* v. *United States*, 289 U. S. 1.) The trial judge, therefore, was not deprived by the rule in the *Sprague* case of the power to summon the juror before him and to take testimony relating to the grave charge embodied in the moving affidavits. Even now we have power to remit the case for that purpose (*People* v. *Arata*, 254 N. Y. 565), but upon an examination of the entire record we are convinced that in the interest of justice we should order a new trial.

The judgment of conviction should be reversed and a new trial ordered.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgment of conviction reversed, etc.