■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCHIE TOBIAS, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly denied the suppression of the identification testimony of Security Officer Sczcublewski and of the victims of the robberies, Simon and Larson. All had ample opportunity to observe the defendant over an extended period of time, Simon and Larson during the robberies of the State university dormitory and Sczcublewski as the defendant was leaving the dormitory, and all testified in court to a positive identification of him. The failure of the two victims to identify a two-year-old mug shot of defendant taken when he was 16, although they both identified contemporary pictures of him, bears no strong reflection on the reliability of his identification. In Sczcublewski's case, while his face to face confrontation with defendant a couple of days after the robberies occurred under circumstances that might well be deemed suggestive, his opportunity for a full observation of the defendant at the dormitory amply supports his testimony relating his positive identification of him based on such observation. The court also properly denied defendant's application for a hearing in connection with his motion to set aside the verdict on the ground of misconduct by members of

the jury as alleged in an affidavit of one of the jurors. It has long been an established rule in our courts that "in the case of statements regarding juryroom deliberations" where "every verdict might be rendered suspect, and jurors might become subjected to continuous posttrial harassment, the public policy reasons for holding such statements inadmissible must ordinarily override possible injustice to a defendant, for here our jury system itself is at stake" *(People v De Lucia,* 20 NY2d 275, 279; see, also *McDonald v Pless,* 238 US 264; *People v Streiff,* 41 AD2d 259, revd on other grounds, 35 NY2d 22). While as pointed out in *DeLucia (supra),* proof of allegations of outside influences on a jury may be received and statements asserting the ineligibility of a juror based on his conduct during the course of jury deliberations may also be allowed *(People v Leonti,* 262 NY 256), the rule against a jury's impeachment of its own verdict has continued to be reaffirmed, and allegations in the affidavit submitted to the court on defendant's motion do not bring the alleged misconduct within the exceptions to the established rule. Permitting as it does judgments by individual citizens not learned in the law and possessing all the frailties of human nature, the inherent weaknesses of our jury system still are far outweighed by its strengths as demonstrated throughout the history of the common law, and no showing has been made in this case which could properly support an attack on the integrity of the jury verdict. We find no error in the record warranting reversal of the judgment of conviction and we do not find that the sentences imposed were excessive. (Appeal from judgment of Erie County Court convicting defendant of burglary, second degree and other charges.) Present.—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.