■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO RIVERA, Appellant. [759 NYS2d 136] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Knipel, J.), both rendered March 9, 2000, convicting him of burglary in the third degree, grand larceny in the second degree, and criminal mischief in the second degree under Indictment No. 1593/98, and burglary in the third degree, criminal mischief in the second degree, and petit larceny under Indictment No. 7332/98, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgments are reversed, on the law, and a new joint trial is ordered.

The Supreme Court erred in denying the defendant's postverdict motion pursuant to CPL 330.30 to set aside his convictions based on purported juror misconduct (*see* CPL 330.30 [2]). The defendant argued that he was denied his right to an impartial jury because one of the jurors, juror No. 7, harbored a preexisting opinion as to the defendant's guilt before the trial which was not known to the defendant until after the verdict. At the posttrial hearing, three former jurors testified that they heard juror No. 7 say, "I know that n* * * *r is guilty." While one of the former jurors testified that the statement was made during jury selection, the other two former jurors testified only to hearing the statement during the trial and deliberations. Despite the uncontradicted testimony that the statement was made before the trial, the Supreme Court found that it was more likely that it was said after the commencement of the trial.

Generally, absent a showing of prejudice to a substantial right, proof of juror misconduct does not entitle a defendant to a new trial, since not every misstep by a juror rises to the inherently prejudicial level at which reversal is automatically required (*see People v Irizarry,* 83 NY2d 557, 561 [1994]). None-

theless, reversal is warranted where a juror had an undisclosed preexisting prejudice that would have resulted in his or her disqualification if it had been revealed during voir dire, such as an undisclosed, pretrial opinion of guilt against the defendant (*see People v Leonti,* 262 NY 256, 258 [1933]; *cf. People v Camacho,* 293 AD2d 876, 877 [2002]). While the Supreme Court's assessment of the former juror's credibility and reasonable inferences from the circumstances surrounding the allegations of misconduct are generally not to be disturbed on appeal when supported by the record (*see People v Irizarry, supra* at 561), we agree with the defendant's claim that the finding of the Supreme Court that the statement was not made until after the trial began cannot be sustained. Based on the uncontradicted posttrial hearing testimony, the statement was made by juror No. 7 before the commencement of the trial, and showed that he harbored an undisclosed preexisting opinion of guilt against the defendant, which warrants reversal and a new joint trial. Accordingly, the defendant's CPL 330.30 motion should have been granted.

Since we are ordering a new joint trial, we note that those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials was properly denied.

However, the defendant's claim that the trial court gave an erroneous circumstantial evidence charge to the jury has merit. The proof presented with respect to all of the elements related to the tobacco warehouse burglary was based on circumstantial evidence. Accordingly, the trial court erred in failing to give the jury a complete circumstantial evidence charge (*see People v Johnson,* 293 AD2d 489 [2002]). Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.