■ The People of the State of New York, Respondent, v Andre Johnson, Appellant. The People of the State of New York, Respondent, v Donald Johnson, Appellant. [863 NYS2d 680]—

Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J.) rendered January 3, 2002, convicting defendant Andre Johnson, after a jury trial, of assault in the first degree, and sentencing him to a term of nine years, unanimously affirmed. Judgment, same court and Justice, rendered December 18, 2001, convicting defendant Donald Johnson, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

The verdict as to each defendant was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its evaluation of inconsistencies in testimony.

The court properly declined to dismiss the indictment on the ground that a prosecution witness revealed at trial that a portion of his grand jury testimony was untrue. There was no impairment of the integrity of the grand jury proceeding that warranted dismissal (see CPL 210.35 [5]; People v Darby, 75 NY2d 449, 455 [1990]), since, rather than being based entirely on false testimony (compare People v Pelchat, 62 NY2d 97 [1984]), the indictment was amply supported by other evidence (see People v Davis, 256 AD2d 200, 201 [1998], lv denied 93 NY2d 898 [1999]). Moreover, there was no suggestion that the prosecutor had reason to believe this testimony was false.

The court properly denied, without granting a hearing, defendants' CPL 330.30 (2) motion to set aside the verdict on the ground of juror misconduct. The moving papers did not contain "sworn allegations of all facts essential to support the motion" (CPL 330.40 [2] [e] [ii]), and defendants were not entitled to a hearing based on expressions of hope that a hearing might reveal the essential facts. Defendants presented an affidavit from a dissatisfied juror who attempted to impeach the verdict with regard to the jury's deliberative process, rather

than any outside influences (*see People v Redd*, 164 AD2d 34, 38-39 [1990]). The affidavit, even when liberally construed, cannot be read as asserting that any juror was racially prejudiced against the defendants. The only reference to race is a claim that a fellow juror accused the juror-affiant of racial bias in *favor* of defendants, and accompanied the accusation with an inappropriate wisecrack. Furthermore, nothing was brought to the court's attention during jury deliberations or any other part of the trial that suggested any bias against defendants. Thus, defendants did not show any basis for a departure from the general rule against jurors' impeachment of their verdicts (*compare People v Leonti*, 262 NY 256 [1933]). Defendants' constitutional arguments regarding this issue are without merit.

We perceive no basis for reducing the sentences.

Defendants' remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Moskowitz, JJ.