■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. BEAN, Appellant. [885 NYS2d 804]—Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered December 10, 2007. The judgment convicted defendant, upon a jury verdict, of attempted rape in the first degree (two counts), endangering the welfare of a child (two counts), and unlawfully dealing with a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [2], [4]) and endangering the welfare of a child (§ 260.10 [1]), and one count of unlawfully dealing with a child in the first degree (§ 260.20 [2]). Contrary to the contention of defendant, County Court properly denied his motion, upon renewal, seeking to dismiss the indictment on the ground that the grand jury proceeding was defective. Defendant sought dismissal based on alleged prosecutorial misconduct, contending that "the integrity [of the grand jury proceeding was] impaired" and that he was thereby prejudiced (CPL 210.35 [5]). Dismissal of the indictment on that ground is an "exceptional remedy" that is not warranted in this case (People v Darby, 75 NY2d 449, 455 [1990]). Upon our review of the grand jury proceeding, we conclude that "[t]here is no indication that the People knowingly or deliberately presented false testimony before the [g]rand [j]ury, and thus there is no basis for finding that the integrity of the [g]rand [j]ury proceeding was impaired . . . by the alleged false testimony" (People v Klosin, 281 AD2d 951, 951 [2001], lv denied 96 NY2d 864 [2001]).

Defendant failed to renew his motion for a trial order of dis-

missal after presenting evidence and thus failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Griffin*, 41 AD3d 1285, 1286 [2007], *lv denied* 9 NY3d 923 [2007], *reconsideration denied* 9 NY3d 990 [2007]). In any event, that challenge lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that the court erred in precluding the testimony of his expert witness who, according to defendant, would have provided general testimony concerning police interrogation techniques and false confessions. The court did not abuse its discretion in determining that the expert's testimony would not be relevant in view of the facts of this case (*see generally People v Young*, 7 NY3d 40, 44-45 [2006]; *People v Lee*, 96 NY2d 157, 162 [2001]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it is without merit. We note, however, that the certificate of conviction incorrectly recites that defendant was convicted of one of the two counts of attempted rape in the first degree under Penal Law §§ 110.00 and 130.35 (1), and it must therefore be amended to reflect that he was convicted under Penal Law §§ 110.00 and 130.35 (2) (*see People v Saxton*, 32 AD3d 1286 [2006]; *see also People v Benson*, 265 AD2d 814, 816 [1999], *lv denied* 94 NY2d 860 [1999], *cert denied* 529 US 1076 [2000]). Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.