■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL ESTELLA, Also Known as STREETS, Respondent. [889 NYS2d 759]—

Spain, J.P.

Following a jury trial, defendant was convicted on 14 counts of an indictment, including attempted murder in the second degree and assault in the first and second degrees, stemming from a shooting at a diner in the City of Schenectady, Sche-

---

nectady County on August 6, 2006. Defendant moved pursuant to CPL 330.30 to set aside the verdict based upon, among several grounds, juror misconduct related to one juror's alleged interjection of his experience with guns. In the course of preparing to oppose defendant's motion, the Assistant District Attorney (hereinafter ADA) prosecuting the case contacted several jurors who had provided affidavits to defense counsel that pertained to defendant's motion. In a letter to the court opposing that motion, the ADA, commendably, revealed to County Court that, while questioning juror No. 6 about the basis for his conclusion that defendant was guilty, the juror stated, "I guess I based my [decision] on race." The record reflects that juror No. 6 is a caucasian male and defendant is black. When the ADA called the juror back a few days later to inform him of her obligation to inform defense counsel and the court that race was a factor in his determination to convict defendant, the juror then, among other remarks, denied that he voted to convict defendant based on race and attributed his statement to alcohol and "word[ing] it wrong." Defense counsel then submitted a supplemental letter moving to set aside the verdict based upon the misconduct of juror No. 6 (see CPL 330.30 [1], [2]).

County Court denied defendant's motion to set aside the verdict based upon the initial grounds argued, but held a hearing on the issue of the statement attributed to juror No. 6 with regard to race. At the hearing, juror No. 6 was the only witness to testify and the ADA affirmed, as an officer of the court, that juror No. 6 had made the remarks to her as detailed in her letter to the court. County Court thereafter issued a written decision (23 Misc 3d 989 [2009]) crediting the ADA's representation that juror No. 6 had made the statement attributing his guilty determination to race; the court found "incredible" the juror's testimony that he did not and would not have made that remark (id. at 993). The court concluded that juror No. 6 had engaged in misconduct by failing to disclose, during voir dire, his prejudice and preexisting personal opinion of defendant's guilt based upon race, precluding exploration—prior to his selection—of whether his views could be set aside and a verdict reached based solely upon the evidence (id. at 994-995). As a result, the court held that defendant was deprived of his fundamental constitutionally guaranteed right to an impartial, unbiased jury and fair trial, requiring that the verdict be set aside pursuant to CPL 330.30 (1) and (2). The People now appeal (see CPL 450.20 [3]), arguing that County Court erred in setting aside the verdict; we cannot agree, and affirm.

Initially, County Court providently held a hearing based upon

the ADA's disclosure (*see* CPL 330.40 [2] [f]). "[P]rosecutors are officers of the court, with a corresponding 'unqualified duty of scrupulous candor that rests upon government counsel' " (*People v Hameed*, 88 NY2d 232, 238 [1996], *cert denied* 519 US 1065 [1997], quoting *Shotwell Mfg. Co. v United States*, 371 US 341, 358 [1963]). At the hearing, the ADA affirmed—in open court—her prior written account submitted to the court of her conversation with juror No. 6, which the court ultimately "gave great weight to" and credited as representations of an officer of the court (23 Misc 3d at 991). In granting defendant's motion, County Court was "entitled to rely on the prosecutor['s] open court, on the record representations, without the need of a formal oath" (*People v Hameed*, 88 NY2d at 238).

As relevant here, a court may set aside a verdict upon "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court" (CPL 330.30 [1]), or that "during the trial there occurred, out of the presence of the court, improper conduct by a juror, . . . which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict" (CPL 330.30 [2]). Generally, "a jury verdict should not be impeached, absent special circumstances, by affidavit or testimony of jurors after their verdict is publicly returned," a rule designed "to protect jurors from being harassed after verdict and to ensure the secure foundation of the verdict" (*People v Rukaj*, 123 AD2d 277, 280 [1986]; *see People v Camacho*, 293 AD2d 876, 876 [2002], *lv denied* 98 NY2d 729 [2002]). However, "reversal is warranted where a juror had an undisclosed preexisting prejudice that would have resulted in his or her disqualification if it had been revealed during voir dire, such as an undisclosed, pretrial opinion of guilt against the defendant" (*People v Rivera*, 304 AD2d 841, 842 [2003]; *see People v Leonti*, 262 NY 256, 258 [1933]; *see also People v Blyden*, 55 NY2d 73, 78-79 [1982]; *People v Johnson*, 54 AD3d 636, 636-637 [2008], *lv denied* 12 NY3d 759 [2009]; *cf. People v Camacho*, 293 AD2d at 877).

Here, we defer to County Court's assessment of the juror's testimony and credibility, and to the court's factual conclusion—despite the juror's denial—that he made the statement in issue (*see People v Douglas*, 57 AD3d 1105, 1106 [2008], *lv denied* 12 NY3d 783 [2009]; *People v St. Louis*, 20 AD3d 592, 595 [2005], *lv denied* 5 NY3d 856 [2005]; *see also People v Genovese*, 10 NY2d 478, 482 [1962]). The court rationally concluded that, notwithstanding the juror's unobjectionable remarks and assur-

ances during voir dire,* this juror held, but did not disclose, a preexisting racial prejudice, depriving the defense of the opportunity to explore his ability to be impartial. Mindful of defendant's fundamental right to an impartial jury, one which reaches its verdict solely on evidence presented at trial and the law, as it is instructed (*see People v Arnold*, 96 NY2d 358, 362-364 [2001]; *People v Blyden*, 55 NY2d at 78-79), we agree that the biased statement of juror No. 6 cast serious doubt on his ability to render—and his actual rendering of—an impartial verdict. Thus, County Court correctly concluded that defendant had proven, by a preponderence of the evidence (*see* CPL 330.40 [2] [g]), that juror misconduct may have affected defendant's substantial right to an impartial jury and fair trial (*see* CPL 330.30 [2]) and that a verdict based upon racial bias required reversal of the judgment of conviction (*see* CPL 330.30 [1]). Finally, contrary to the People's contentions, the court rightfully declined to employ a harmless error analysis. "The right to a fair trial is self-standing and proof of guilt, however overwhelming, can never be permitted to negate this right" (*People v Crimmins*, 36 NY2d 230, 238 [1975]). The People's remaining contentions are unpersuasive.

Rose, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed.

---

* During voir dire, juror No. 6 remained silent when County Court asked the prospective jurors if there was anything that would prevent them from being fair or unbiased in their verdict. When specifically questioned by the court, this juror answered in the negative when asked if there was "[a]nything that would prevent [him] from being fair to [defendant] or the [ADA]" and in the affirmative when asked if he could "guarantee them a fair trial." When questioned by defense counsel, defendant indicated a willingness "to keep an open mind . . . until all the proof is in."