# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**69**
**KA 11-01222**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                  MEMORANDUM AND ORDER

MICHAEL WHITE, ALSO KNOWN AS MICHAEL BREWER,
DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

MICHAEL WHITE, DEFENDANT-APPELLANT PRO SE.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered April 11, 2011. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that the conviction is unsupported by legally sufficient evidence. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant next contends that the court acted vindictively in sentencing him based on his exercise of his right to a jury trial. That contention is unpreserved for our review (*see People v Motzer*, 96 AD3d 1635, 1636, *lv denied* 19 NY3d 1104; *People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862). In any event, the record does not support defendant's contention (*see Stubinger*, 87 AD3d at 1317).

Defendant's challenge in his main and pro se supplemental briefs to the legal sufficiency of the evidence before the grand jury is

precluded by his conviction upon legally sufficient trial evidence (*see* CPL 210.30 [6]; *People v Smith*, 4 NY3d 806, 808). Furthermore, the record does not support defendant's contention that the grand jury was misled regarding a recorded telephone call, and the indictment therefore was not subject to dismissal on that ground (*see People v Bean*, 66 AD3d 1386, 1386, *lv denied* 14 NY3d 769). Defendant's claims of ineffective assistance of counsel in his main and pro se supplemental briefs fail "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's alleged deficiencies (*People v Rivera*, 71 NY2d 705, 709; *see generally People v Baldi*, 54 NY2d 137, 151), and we thus reject them. Additionally, any isolated errors in defense counsel's representation were not so serious that defendant was thereby deprived of a fair trial (*see People v Henry*, 95 NY2d 563, 565-566).

We have reviewed defendant's remaining contentions in his pro se supplemental brief and conclude that none warrant reversal or modification of the judgment.

Entered:  February 8, 2013                          Frances E. Cafarell
                                                    Clerk of the Court