THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LILLIAN RIVERA, Appellant. [9 NYS3d 218]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 23, 2010, convicting defendant, after a jury trial, of conspiracy in the second degree, criminal possession of a controlled substance in the first and third degrees, and five counts of criminal sale of a controlled substance in the third degree, and sentencing her to an aggregate term of 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its resolution of issues regarding police paperwork. The evidence, including intercepted communications and circumstantial proof, amply demonstrates that defendant, the leader of a large-scale drug trafficking operation, personally acquired a kilogram of cocaine. Accordingly, her arguments concerning her alleged lack of connection to the apartment where this cocaine was recovered, and the presence of other persons at that location, are unavailing.

The court properly denied defendant's suppression motion without granting a hearing. With regard to the search of defendant's person, the issues are similar to those raised on the codefendant's unsuccessful appeal to this Court (*People v Ga-*

*ray*, 107 AD3d 580, 581 [1st Dept 2013], *affd* 25 NY3d 62 [2015]), and we similarly reject defendant's arguments. With respect to the execution of a search warrant at the apartment where the kilogram of cocaine was found, the motion court correctly determined that defendant did not establish standing, and alternatively did not establish any legal basis for challenging the validity of the warrant.

The court properly denied defendant's motion to suppress evidence obtained as a result of eavesdropping warrants. The application for those warrants established that normal investigative procedures had been tried and had failed, or reasonably appeared to be unlikely to succeed or too dangerous to employ (*see* CPL 700.15 [4]; *People v Rabb*, 16 NY3d 145, 152 [2011]).

The court properly exercised its discretion in denying defendant's end-of-trial motion for a severance based on allegedly antagonistic defenses. The motion was untimely, and defendant failed to show good cause for her failure to make a timely motion, or good cause for the trial court to nevertheless entertain the motion in the exercise of its discretion (CPL 255.10 [1] [g]; 255.20 [1], [3]). Defendant had made a severance motion on other grounds, and the record indicates she was in a position to ascertain the codefendant's planned defense long before trial (*see e.g. People v Funches*, 4 AD3d 206, 207 [2004], *lv denied* 3 NY2d 640 [2004]). At the very least, defendant could have made the motion after hearing the codefendant's opening statement. However, she made no such motion, and merely suggested to the court that a severance might hypothetically prove to be necessary. After the codefendant's summation, defendant finally moved for a severance that would have necessitated a mistrial at the end of a five-week trial. There is no merit to defendant's claim that she was surprised by the codefendant's summation. In any event, defendant failed to demonstrate that her defense and that of her codefendant had become so antagonistic as to require separate trials (*see People v Cardwell*, 78 NY2d 996 [1991]; *People v Mahboubian*, 74 NY2d 174, 183 [1989]). Moreover, the references to defendant in the codefendant's summation were not so prejudicial as to deny defendant a fair trial, and any error in denying the severance motion was harmless.

The court properly exercised its discretion in receiving the various items of evidence challenged by defendant, and none of this evidence deprived her of a fair trial.

Defendant has not established that she was prejudiced by any late disclosure of discovery material.

With regard to closure of the courtroom during the testimony

of undercover officers, we reach the same conclusions as we did on the codefendant's appeal (*Garay*, 107 AD3d at 581-582), both as to preservation and alternatively as to the merits.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.