■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MINOR, Appellant. [50 NYS3d 36]——

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered October 20, 2014, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously affirmed.

Under the law of the case doctrine (*see Delgado v City of New York*, 144 AD3d 46, 51 [1st Dept 2016]), this Court's prior decision (111 AD3d 198 [1st Dept 2013]) bars defendant's contentions that the court improperly denied his motion to compel the People to resubmit the entire case to a new grand jury, and permitted prosecutorial misconduct in the first grand jury proceeding. Moreover, there was no taint of prosecutorial misconduct in the original indictment charging intentional murder, in the second indictment charging second-degree

manslaughter by assisting a suicide (Penal Law § 125.25 [1] [b]), or in the consolidation of the two indictments.

Unlike the situation in *People v Pelchat* (62 NY2d 97 [1984]), there was no "false" grand jury testimony. Upon reaching the conclusion that, notwithstanding circumstantial evidence of robbery presented in good faith to the first grand jury, defendant did not in fact rob the victim, the People abandoned the robbery theory and those counts of the original indictment based thereon, leaving in place the count of second-degree murder not based on robbery.

As explained in our prior opinion (111 AD3d at 203), the underlying evidence presented the alternative scenarios that defendant either committed intentional murder (at the request of the deceased, who wished to die), or second-degree manslaughter by assisting a suicide. After our reversal and remand based on an error in the court's charge, the People acted within their discretion in obtaining a second indictment charging only assisted-suicide manslaughter, without re-presenting the murder charge, and the court properly consolidated the two indictments, which were "based upon the same act or upon the same criminal transaction" (CPL 200.20 [2] [a]; *see People v Franco*, 86 NY2d 493, 500 [1995]). Furthermore, there was nothing legally defective about an indictment, consolidated or otherwise, containing these two types of homicide.

Contrary to defendant's further contention, he was not entitled to plead guilty to only one of the two consolidated indictments (*see People v Cahill*, 2 NY3d 14, 43-44 [2003]). The record clearly establishes that the indictments had already been consolidated before defendant purported to plead guilty to second-degree manslaughter. Concur—Sweeny, J.P., Mazzarelli, Moskowitz and Kahn, JJ.