The People of the State of New York, Respondent, 
against
Durven Dawes, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lisa A. Sokoloff, J.), rendered January 7, 2015, convicting him, upon his plea of guilty, of harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction, (Lisa A. Sokoloff, J.), rendered January 7, 2015, affirmed.
The court properly granted the People's pretrial motion to amend the information to add the charge of second-degree harassment (see CPL 100.45[3]; People v Harper, 37 NY2d 96, 99-100 [1975]). The newly added charge is sufficiently supported by the facts alleged in the original instrument, namely, that defendant, on two separate occasions, "threatened ... legal repercussions for [the victim] and her family," that her "life would rupture," and further "indicat[ing] that something would happen to her and her family if she did not pay him," causing the victim to feel "scared" for the "safety" of herself and her family. The requisite intent to harass, annoy or alarm by engaging in "a course of conduct" which served "no legitimate purpose" (see Penal Law § 240.26[3]) may be inferred from defendant's conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]). Contrary to defendant's contention, an accusatory instrument charging harassment is sufficient if the evidence establishes a violation of any of the subdivisions of the statute (see People v Todaro, 26 NY2d 325, 330 [1970]).
We also find unavailing defendant's claim that the accusatory instrument must be dismissed because it is based on factual allegations known by the prosecutor to be false. People v Pelchat, 62 NY2d 97 (1984), where an indictment was dismissed because of the prosecutor's knowledge that the only evidence to support it is false, is not helpful to defendant here. Unlike the prosecutor in Pelchat, who apparently turned a blind eye to false testimony presented to the Grand Jury, there is no suggestion in this record that the prosecutor had reason to believe that complainant's sworn statements were false (see People v Johnson, 54 AD3d 636 [2008], lv denied 11 NY3d 898 [2008]), especially her statements supporting the second-degree harassment charge to which defendant pleaded guilty. To the contrary, upon reaching the conclusion that [*2]they could not prove the larceny charges contained in the felony complaint beyond a reasonable doubt, the People reduced and essentially abandoned those charges (see People v Minor, 148 AD3d 461 [2017], lv denied 29 NY3d 1083 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 17, 2018