People v Fulmer-Salvador (2021 NY Slip Op 02468)





People v Fulmer-Salvador


2021 NY Slip Op 02468


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Ind No. 580/13 580/13 Appeal No. 13660 Case No. 2018-4460 

[*1]The People of the State of New York, Respondent,
v
Wellington Fulmer-Salvador, Also Known as Wellington Fullmore Salvadore, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered October 18, 2016, convicting defendant, after a jury trial, of conspiracy in the second degree, and sentencing him to a term of two to six years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We perceive no basis to disturb the jury's credibility determinations. Defendant's intent and his agreement with his coconspirators could be readily inferred from the evidence, including his recorded communications with the coconspirators and the physical evidence obtained upon his arrest. The pattern of evidence, viewed as a whole, made no sense unless defendant was a participant in the conspiracy, and not merely a person with knowledge of other persons' drug trafficking. Among other things, defendant used the pronoun "we" in a context that could only signify his own participation.
Defendant was not deprived of a fair trial by the court's denial of his request to instruct the jury that a defendant's mere presence during discussions of a conspiracy by other persons is insufficient to establish participation in the conspiracy. There was no factual basis for such an instruction (see generally People v Slacks, 90 NY2d 850, 851 [1997]), because defendant's guilt was primarily established by evidence other than his presence at discussions. In any event, regardless of whether such an instruction should have been given, the court's charge, viewed as a whole, adequately conveyed the same concept (see id. at 851; People v Gomez, 16 AD3d 280, 280-81 [1st Dept 2005], lv denied 5 NY3d 789 [2005]).
Defendant's challenge to expert testimony explaining coded language in the intercepted calls and describing large-scale narcotics operations is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the testimony did not exceed the limitations contained in People v Inoa (25 NY3d 466, 474 [2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021