People v Woodard (2021 NY Slip Op 06256)





People v Woodard


2021 NY Slip Op 06256


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


860 KA 17-00339

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERRICK WOODARD, ALSO KNOWN AS "WOOD," DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JAMES F. GIBBONS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 25, 2017. The judgment convicted defendant, upon a jury verdict, of conspiracy in the second degree, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In this prosecution arising from an investigation into a multi-level drug sales operation, defendant appeals from a judgment convicting him, following a joint jury trial with three codefendants, of conspiracy in the second degree (Penal Law § 105.15), criminal sale of a controlled substance in the third degree (§ 220.39 [1]), and criminal possession of a controlled substance in the third degree
(§ 220.16 [1]). We reject defendant's challenges to the legal sufficiency of the evidence. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [jury] on the basis of the evidence at trial, viewed in the light most favorable to the People" (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001] [internal quotation marks omitted]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, we conclude that the evidence is legally sufficient to support the conviction on the counts of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (see People v Samuels, 99 NY2d 20, 24 [2002]; People v White, 103 AD3d 1213, 1213 [4th Dept 2013], lv denied 21 NY3d 1011 [2013]). Contrary to defendant's further contention, the conviction on the count of conspiracy in the second degree is supported by legally sufficient evidence, notwithstanding the fact that the People's case was based largely on circumstantial proof (see People v Portis, 129 AD3d 1300, 1301-1302 [3d Dept 2015], lv denied 26 NY3d 1091 [2015]; People v Rivera, 128 AD3d 473, 473 [1st Dept 2015], lv denied 27 NY3d 1005 [2016]).
We also reject defendant's contention that the verdict is against the weight of the evidence. Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 348-349 [2007]), it cannot be said that the jury failed to give the evidence the weight it should be accorded (see Portis, 129 AD3d at 1302; see generally Bleakley, 69 NY2d at 495).
Defendant next contends that Supreme Court erred in denying his request to provide the jury with a multiple conspiracies charge. We reject that contention. A multiple conspiracies charge "recogniz[es] the possibility of multiple conspiracies and direct[s] an acquittal in the event that the jury concludes that something other than a single integrated conspiracy was [*2]proven" (People v Leisner, 73 NY2d 140, 150 [1989]). "Although a multiple conspiracies charge must be given 'when the facts are such that a jury might reasonably find either a single conspiracy or multiple conspiracies' . . . , it is well established that '[p]roof of a defendant's knowledge of the identities and specific acts of all his coconspirators is not necessary where[, as here,] the circumstantial evidence establishes the defendant's knowledge that he is part of a criminal venture which extends beyond his individual participation' " (People v King, 166 AD3d 1562, 1564 [4th Dept 2018], lv denied 34 NY3d 1017 [2019]). We conclude that the court did not err in denying defendant's request to provide the jury with a multiple conspiracies charge inasmuch as "[t]here was no reasonable view of the evidence that there was any conspiracy [other] than the single conspiracy charged in the indictment" (id. at 1564-1565 [internal quotation marks omitted]; see People v Williams, 150 AD3d 1315, 1320 [3d Dept 2017], lv denied 30 NY3d 984 [2017]).
Defendant also contends that the court abused its discretion in admitting the expert testimony of a police investigator regarding the meaning of certain coded or cryptic phrases used in recorded phone calls and intercepted text messages. Defendant did not properly object to any of the police investigator's testimony that he now challenges on appeal, and defendant therefore "failed to preserve for our review his contention that 'the testimony of [that investigator] interpreting recorded telephone conversations [and intercepted text messages] between defendant and other individuals invaded the province of the jury' " (People v McMillian, 158 AD3d 1059, 1060 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]; see CPL 470.05 [2]; People v Bailey, 32 NY3d 70, 79-82 [2018]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; McMillian, 158 AD3d at 1060; see also People v Fulmer-Salvador, 193 AD3d 598, 599 [1st Dept 2021], lv denied 37 NY3d 965 [2021]; People v Adrian, 173 AD3d 431, 432-433 [1st Dept 2019], lv denied 34 NY3d 1125 [2020]).
We agree with defendant, however, that the court erred in summarily denying his motion to set aside the verdict pursuant to CPL 330.30 (2). As relevant here, a court may, upon a motion of defendant, set aside the verdict on the ground "[t]hat during the trial there occurred, out of the presence of the court, improper conduct by a juror, . . . which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict" (CPL 330.30 [2]). "Generally, 'a jury verdict should not be impeached, absent special circumstances, by affidavit or testimony of jurors after their verdict is publicly returned,' [which is] a rule designed 'to protect jurors from being harassed after verdict and to ensure the secure foundation of the verdict' " (People v Estella, 68 AD3d 1155, 1157 [3d Dept 2009]; see People v Rukaj, 123 AD2d 277, 280 [1st Dept 1986]). Nonetheless, setting aside the verdict "is warranted where a juror had an undisclosed preexisting prejudice that would have resulted in his or her disqualification if it had been revealed during voir dire, such as an undisclosed, pretrial opinion of guilt against the defendant" (People v Rivera, 304 AD2d 841, 842 [2d Dept 2003]; see People v Leonti, 262 NY 256, 258 [1933]; Estella, 68 AD3d at 1157; Rukaj, 123 AD2d at 280-281).
Here, we conclude that the court erred in denying defendant's motion without a hearing because the sworn allegations in support of the motion, including the affidavits of two jurors, indicated that certain other jurors may have had undisclosed preexisting prejudices against people of defendant's race that may have affected defendant's substantial right to an impartial jury and fair trial (see Estella, 68 AD3d at 1157; Rivera, 304 AD2d at 841-842; Rukaj, 123 AD2d at 280-281; see generally Leonti, 262 NY at 258). Indeed, as early as the evening following the verdict, the two jurors alleged in emails sent directly to the court that, during deliberations, certain other jurors directed racist comments at the defendants and that racial bias had played a role in the verdict. In addition, contrary to the court's suggestion, the detailed affidavits of the two jurors recounting specific instances of racist comments by certain other jurors did, in fact, allege that the verdict was influenced by racial bias against the defendants (cf. People v Johnson, 54 AD3d 636, 637 [1st Dept 2008], lv denied 12 NY3d 759 [2009]). We therefore hold the case, reserve decision and remit the matter to Supreme Court to conduct a hearing on defendant's CPL 330.30 motion.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court