People v Chodakowski (2021 NY Slip Op 06781)





People v Chodakowski


2021 NY Slip Op 06781


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Ind No. 2930/15 Appeal No. 14522 Case No. 2021-00327 

[*1]The People of the State of New York, Respondent,
v
Szymon Chodakowski, Defendant-Appellant.


The Baker Law Firm for Criminal Appeals, PLLC, Bronx (Mark M. Baker of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Robert M. Mandelbaum, J.), entered on or about September 2, 2020, which denied defendant's CPL 440.10 motion to vacate a judgment, unanimously held in abeyance, and the matter remanded for a hearing in accordance with this decision.
The People consent to this matter being remanded for a hearing to determine whether ethnic bias tainted the jury's deliberations as alleged by defendant (see PeÑa-Rodriguez v Colorado, - US -, 137 S Ct 855 [2017]; People v Leonti , 262 NY 256 [1933]). Defendant's CPL 440 motion included an affidavit from the jury foreperson, in which he swore that, during deliberations, a juror made ethnic comments concerning defendant and the complainant exhibiting "overt [ethnic] bias that cast serious doubt on the fairness and impartiality of the jury's deliberations and resulting verdict" (PeÑa-Rodriguez , - US -, 137 S Ct at 869). 
At the hearing, the court should determine the veracity of these allegations. Should the court find these allegations to be true, it should determine, as a matter of federal law, whether defendant's Sixth Amendment right to jury trial was denied because "[ethnic] animus was a significant motivating factor in the juror's vote to convict" (id. ). The court should also determine more broadly, as a matter of New York State law, whether the juror's statements "created a substantial risk of prejudice to the rights of the defendant by coloring the views of the other jurors as well as her own" (People v Maragh , 94 NY2d 569, 574 [2000] [internal quotation marks and citations omitted]).
We reject defendant's request that the hearing proceed before a different justice. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021