People v Woodard (2023 NY Slip Op 02207)

People v Woodard

2023 NY Slip Op 02207

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND BANNISTER, JJ.

169 KA 17-00339

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERRICK WOODARD, ALSO KNOWN AS "WOOD," DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JODI A. DANZIG OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 25, 2017. The appeal was held by this Court by order entered November 12, 2021, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (199 AD3d 1377 [4th Dept 2021]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In this prosecution arising from an investigation into a multi-level drug sales operation, defendant appeals from a judgment convicting him, following a joint jury trial with three codefendants, of conspiracy in the second degree (Penal Law § 105.15), criminal sale of a controlled substance in the third degree (§ 220.39 [1]), and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We previously held the case, reserved decision, and remitted the matter to Supreme Court for a hearing on defendant's motion to set aside the verdict pursuant to CPL 330.30 (2) on the ground of misconduct during jury deliberations, which had been summarily denied by the court, and we also rejected defendant's remaining contentions (People v Woodard, 199 AD3d 1377 [4th Dept 2021]). Defendant's motion was supported by sworn allegations, including the affidavits of two jurors, indicating that certain other jurors may have had undisclosed preexisting prejudices against people of defendant's race that may have affected defendant's substantial right to an impartial jury and fair trial (id. at 1380). Upon remittal, the court conducted a hearing during which all 12 jurors testified, and thereafter denied the motion.
As relevant here, a court may, upon a motion of the defendant, set aside the verdict on the ground "[t]hat during the trial there occurred, out of the presence of the court, improper conduct by a juror, . . . which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict" (CPL 330.30 [2]). "Generally, a jury verdict should not be impeached, absent special circumstances, by affidavit or testimony of jurors after their verdict is publicly returned, [which is] a rule designed to protect jurors from being harassed after verdict and to ensure the secure foundation of the verdict" (Woodard, 199 AD3d at 1379 [internal quotation marks omitted]; see People v Estella, 68 AD3d 1155, 1157 [3d Dept 2009]; People v Rukaj, 123 AD2d 277, 280 [1st Dept 1986]). Nonetheless, setting aside the verdict "is warranted where a juror had an undisclosed preexisting prejudice that would have resulted in his or her disqualification if it had been revealed during voir dire, such as an undisclosed, pretrial opinion of guilt against the defendant" (People v Rivera, 304 AD2d 841, 842 [2d Dept 2003]; see People v Leonti, 262 NY 256, 258 [1933]; Estella, 68 AD3d at 1157; Rukaj, 123 AD2d at 280-281). Upon a hearing pursuant to CPL 330.30, "the defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion" (CPL 330.40 [2] [g]). "The trial court is invested with discretion and posttrial fact-finding [*2]powers to ascertain and determine whether the activity . . . constituted misconduct and whether the verdict should be set aside and a new trial ordered" (People v Maragh, 94 NY2d 569, 574 [2000]).
We reject defendant's contention that the court abused its discretion in denying his motion to set aside the verdict. Here, upon our review of the record, we conclude that " '[t]here is no basis to disturb the court's fact-findings and credibility determinations, which are entitled to great deference on appeal' " (People v Dizak, 93 AD3d 1182, 1185 [4th Dept 2012], lv denied 19 NY3d 972 [2012], reconsideration denied 20 NY3d 932 [2012]; see People v Blunt, 187 AD3d 1646, 1647 [4th Dept 2020], lv denied 36 NY3d 970 [2020]). The jurors, including the two who had initially complained shortly after the verdict, were unanimous in their testimony at the hearing that, contrary to the allegation in the affidavit of one of the initially complaining jurors, none of them had heard a racial slur uttered during deliberations, and most of the jurors did not recall any discussion of race whatsoever. Of the few jurors who recalled conversations about race, one disclaimed that the comments had any impact on the verdict, which in fact involved acquittals on various charges against several defendants, and the other jurors provided, at most, ambivalent opinions—based on a personal feeling or sentiment about the deliberations or an intuition about the "energy" in the jury room—that considerations of race may have factored into some jurors' decision-making (cf. Leonti, 262 NY at 258; Estella, 68 AD3d at 1156-1157; Rivera, 304 AD2d at 842; Rukaj, 123 AD2d at 280-281). Such speculation and surmise is insufficient to meet defendant's burden of establishing by a preponderance of the evidence that juror misconduct in the form of racial bias may have affected his substantial right to an impartial jury and fair trial (see People v Quinn, 210 AD3d 1284, 1291 [3d Dept 2022], lv denied 39 NY3d 1079 [2023]; People v Hernandez, 107 AD3d 504, 504 [1st Dept 2013], lv denied 22 NY3d 1199 [2014]). Finally, we reject defendant's contention that he was prejudiced by the passage of years between the deliberations and the hearing because the record establishes that the jurors, despite some faded memories, adequately recalled the most pertinent details of the deliberations and several jurors indicated that they would have remembered if a racial slur had been uttered in the jury room (see generally People v Smith, 76 Misc 3d 597, 613-616 [Sup Ct, Bronx County 2022]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court