People v Grayson (2023 NY Slip Op 02435)

People v Grayson

2023 NY Slip Op 02435

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

361 KA 17-00367

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT GRAYSON, DEFENDANT-APPELLANT. 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 25, 2017. The judgment convicted defendant, upon a jury verdict, of conspiracy in the second degree, criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (three counts) and criminal sale of a controlled substance in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum:
Defendant appeals from a judgment convicting him, following a joint jury trial with three codefendants, of one count each of conspiracy in the second degree (Penal Law § 105.15), criminal sale of a controlled substance in the first degree (§ 220.43 [1]), and criminal sale of a controlled substance in the second degree (§ 220.41 [1]), and three counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1], [12]), arising out of defendant's participation in a multi-level drug operation. To the extent that defendant preserved his contention that the conviction is not supported by legally sufficient evidence (see generally People v Gray, 86 NY2d 10, 19 [1995]), that contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally id.; Bleakley, 69 NY2d at 495).
Defendant failed to object to the allegedly improper remarks made by the prosecutor during opening and closing statements, and thus failed to preserve for our review his contention that he was denied a fair trial by those instances of alleged prosecutorial misconduct (see CPL 470.05 [2]; People v Williams, 163 AD3d 1422, 1423 [4th Dept 2018]). Contrary to defendant's further contention, defense counsel's failure to object to the prosecutor's allegedly improper comments did not deprive defendant of effective assistance of counsel inasmuch as those comments did not constitute prosecutorial misconduct (see People v Townsend, 171 AD3d 1479, 1481 [4th Dept 2019], lv denied 33 NY3d 1109 [2019]). We also reject defendant's contention that defense counsel was ineffective in failing to object to the testimony of a prosecution witness interpreting the meaning of language used in recorded telephone calls. Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of representation, we conclude that defendant received meaningful representation (see People v Graham, 174 AD3d 1486, 1489 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's contention, Supreme Court properly denied his request to provide the jury with a multiple conspiracies charge. "Although a multiple conspiracies charge must be given 'when the facts are such that a jury might reasonably find either a single conspiracy or multiple conspiracies' . . . , it is well established that '[p]roof of a defendant's knowledge of the identities and specific acts of all his coconspirators is not necessary where[, as here,] the circumstantial evidence establishes the defendant's knowledge that he is part of a criminal [*2]venture which extends beyond his individual participation' " (People v King, 166 AD3d 1562, 1564 [4th Dept 2018], lv denied 34 NY3d 1017 [2019]). We conclude that " '[t]here was no reasonable view of the evidence that there was any conspiracy [other] than the single conspiracy charged in the indictment' " and, thus, the court did not err in denying defendant's request to provide the jury with a multiple conspiracies charge (People v Woodard, 199 AD3d 1377, 1379 [4th Dept 2021]; see King, 166 AD3d at 1564-1565).
We agree with defendant, however, that the court erred in summarily denying his motion to set aside the verdict pursuant to CPL 330.30 (2). Defendant's contention is identical to that raised by his codefendant on his appeal (see Woodard, 199 AD3d at 1379-1380). While his codefendant was afforded a hearing upon remittal by this Court, defendant was not afforded the opportunity to participate in that hearing. In light of those new events, we hold the case, reserve decision, and remit the matter to Supreme Court for a determination on defendant's request for a hearing on defendant's CPL 330.30 motion.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court