People v Rodriguez (2025 NY Slip Op 01050)

People v Rodriguez

2025 NY Slip Op 01050

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Singh, Moulton, Pitt-Burke, Rosado, JJ. 

Ind No. 2009/19|Appeal No. 3740|Case No. 2022-04624|

[*1]The People of the State of New York, Respondent,
v
Shamel Rodriguez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Denis Boyle, J.), rendered September 7, 2022, as amended September 13, 2022, convicting defendant, after a jury trial, of robbery in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of nine years, unanimously affirmed.
The court's COVID-19 safety protocols, which included requiring jurors to wear masks that covered the nose and mouth at all times during the jury selection process, did not deprive defendant of the ability to meaningfully participate in jury selection or violate his right to due process (see People v Ramirez, 41 NY3d 406, 411-412 [2024], cert denied __ US __, 114 S Ct 2698 [2024]; People v Jimenez, 229 AD3d 568, 569 [2d Dept 2024], lv denied 42 NY3d 1020 [2024]; see also United States v Tagliagerro, 531 F Supp 3d 844, 851 [SD NY 2021]). While the Covid 19 voir dire protocol approved by the Court of Appeals in Ramirez, in which prospective jurors wore clear plastic masks during individual questioning, was more revealing than the protocol followed here, the Court of Appeals did not describe the protocol in Ramirez as any kind of constitutional floor. The court noted that there are many ways to evaluate jurors and that a defendant's right to be present during voir dire "does not entail the absolute or unlimited ability to observe each prospective juror's facial expressions" (Ramirez, 41 NY3d at 412).
As for defendant's legal insufficiency claim concerning his conviction of criminal possession of a weapon in the second degree (see Penal Law § 265.03[3]), the licensure exemption found in Penal Law § 265.20 operates as a proviso that need not be pleaded but may be raised by defendant as a bar to prosecution or as a defense at trial (see People v David, 41 NY3d 90, 96 [2023]). Defendant did not satisfy his minimum burden of raising the exemption in the first instance, and the evidence presented at trial was legally sufficient to establish the elements of the statutory offense.
Defendant's current constitutional argument is that in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]), public possession of a handgun is constitutionally protected and therefore the People had to prove lack of license in the first instance as an essential element of the offense. Defendant, however, did not articulate this claim at trial, and it is unpreserved (David at 97, 99-100; cf. Commonwealth v Guardado, 491 Mass 666, 686 [2023] [discussing Massachusetts' "clairvoyance exception"], vacating in part on reconsideration 493 Mass 1 [2023], cert denied __ US __, 144 S Ct 2683 [2024]). We decline to consider this unpreserved claim in the interest of justice.
We agree that the prosecutor improperly posed two questions to the victim referring to "the defendant's" appearance in the early morning in question before the victim had made an in-court identification of the defendant as the perpetrator. However[*2], the court immediately sustained objections to these questions. The prosecutor rephrased them by referring to the "individual" the witness encountered on the morning in question. We find that these two improper references were innocuous in the context of the entire direct examination of the victim, and that the prosecutor's questioning did not taint the witness's strong in-court identification of defendant (see People v Purnell, 309 AD2d 589, 590 [1st Dept 2003], lv denied 1 NY3d 600 [2004]; People v Meggett, 192 AD2d 468, 468 [1st Dept 1993], lv denied 81 NY2d 1076 [1993]).
As an alternative holding, we find that any error was harmless, that any suggestiveness was cured by the court's sustaining defendant's objections and the subsequent evidence elicited establishing that the identification was based upon the witness's independent observation of the defendant. Any risk of misidentification was diminished in light of the fact that defendant had a thorough opportunity to cross-examine the witness concerning identification and address any alleged weaknesses or flaws in the identification in summation (see People v Brown, 295 AD2d 442, 443 [2d Dept 2002], lv denied 99 NY2d 580 [2003]; see also People v Washington, 304 AD2d 480, 480 [1st Dept 2003], lv denied 100 NY2d 600 [2003]).
We find that the recordings of the jailhouse telephone calls were sufficiently authenticated, and that the court properly admitted them into evidence (see People v Jennings, 194 AD3d 578, 580 [1st Dept 2021], lv denied 37 NY3d 993 [2021]; People v Thomas, 172 AD3d 443, 443-444 [1st Dept 2019], lv denied 33 NY3d 1109 [2019]).
The court sufficiently instructed the jury on the subject of identification, and it did not improvidently exercise its discretion in denying defendant's request that the court incorporate aspects of Massachusetts and New Jersey identification charges (see People v Knight, 87 NY2d 873, 874 [1995]; People v Whalen, 59 NY2d 273, 279 [1983]; People v Carmona, 168 AD3d 499, 500 [1st Dept 2019], lv denied 33 NY3d 1029 [2019]; People v Lopez, 1 AD3d 168, 169 [1st Dept 2003], lv denied 1 NY3d 598 [2004]). People v Boone (30 NY3d 521 [2017]), relied upon by defendant, addressed cross-race charges that are not an issue in this case.
The court providently exercised its discretion in denying defendant's motion to set aside the verdict without first conducting a hearing, where the motion was supported only by one juror's hearsay account of two other jurors' statements during deliberations (see People v Morales, 121 AD2d 240, 241 [1st Dept 1986], appeal withdrawn 68 NY2d 766 [1986]; see also People v Bradley, 258 AD2d 936 [4th Dept 1999], lv denied 93 NY2d 922 [1999]). The juror's affidavit was not sufficient to establish that the jury's deliberations may have been affected by an outside or improper influence (Morales at 241). It also did not establish any type of preexisting prejudice or bias that would have resulted in the jurors' disqualification had the information [*3]been revealed during jury selection (see People v Estella, 68 AD3d 1155, 1157 [3d Dept 2009]; People v Camacho, 293 AD2d 876, 877 [3d Dept 2002], lv denied 98 NY2d 729 [2002]; cf. People v Chodakowski, 200 AD3d 437, 437 [1st Dept 2021]).
We perceive no basis to reduce defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025