People v Harvey (2025 NY Slip Op 00740)

People v Harvey

2025 NY Slip Op 00740

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

24 KA 10-01112

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN HARVEY, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered April 2, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, robbery in the first degree, and attempted robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [3]), robbery in the first degree (§ 160.15 [4]), and attempted robbery in the first degree (§§ 110.00, 160.15 [4]). The charges arose from an incident in which defendant and three other individuals robbed the owner of a barbershop and one of the other individuals fatally shot the owner.
Contrary to defendant's contention, the fact that a witness committed perjury during his grand jury testimony by using his brother's first name as his own does not warrant dismissal of the indictment. Pursuant to CPL 210.20 (1) (c), Supreme Court "may, upon motion of the defendant, dismiss [the] indictment . . . upon the ground that . . . [t]he grand jury proceeding was defective, within the meaning of [CPL 210.35]." A grand jury proceeding is defective, pursuant to CPL 210.20 (1) (c) and 210.35 (5), when the proceeding "fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). Although "[t]he likelihood of prejudice turns on the particular facts of each case" (People v Huston, 88 NY2d 400, 409 [1996]), a "defendant need not demonstrate actual prejudice" (People v Sayavong, 83 NY2d 702, 709 [1994]). Nonetheless, "dismissal of an indictment under CPL 210.35 (5) must meet a high test and is limited to instances of prosecutorial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (People v Fisher, 101 AD3d 1786, 1786 [4th Dept 2012], lv denied 20 NY3d 1098 [2013] [internal quotation marks omitted]; see People v Bubis, 204 AD3d 1492, 1493 [4th Dept 2022], lv denied 38 NY3d 1149 [2022]). Here, defendant failed to establish that the witness's perjury impaired the integrity of the grand jury proceeding and potentially prejudiced him, inasmuch as the false testimony was limited to a collateral issue, the indictment was amply supported by other evidence, and the prosecution was not aware that the testimony was false when it was offered (see People v Sheppard, 221 AD3d 1513, 1514 [4th Dept 2023], lv denied 41 NY3d 985 [2024]; People v Green, 178 AD3d 603, 604 [1st Dept 2019], lv denied 35 NY3d 970 [2020]; People v Johnson, 54 AD3d 636, 636 [1st Dept 2008], lv denied 11 NY3d 898 [2008], 12 NY3d 759 [2009]).
Defendant's contention that he did not receive a fair trial because the court permitted the prosecutor a second opportunity to elicit an in-court identification from a witness after the witness failed to identify defendant on the first opportunity is not preserved for our review inasmuch as defendant did not move for a mistrial or to strike the second in-court identification but, rather, chose to use the witness's inconsistent testimony for impeachment purposes (see [*2]People v McCorkle, 272 AD2d 273, 274 [1st Dept 2000], lv denied 95 NY2d 890 [2000], 95 NY2d 936 [2000]; People v Brown, 246 AD2d 603, 604 [2d Dept 1998], lv denied 91 NY2d 1005 [1998]; see generally People v Carlson, 184 AD3d 1139, 1143 [4th Dept 2020], lv denied 35 NY3d 1064 [2020]). In any event, defendant's contention is without merit. We conclude that the court did not abuse its discretion in allowing the prosecution a second opportunity to elicit an in-court identification from a witness (see generally People v Perdue, 41 NY3d 245, 252-253 [2023]).
Contrary to defendant's further contention, his counsel's failure to move for a mistrial or to strike the second in-court identification does not constitute ineffective assistance inasmuch as such a motion would have had little or no chance of success (see People v Lostumbo, 182 AD3d 1007, 1009 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]; see generally People v Caban, 5 NY3d 143, 152 [2005]). Moreover, defendant failed to " 'demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings' " (People v Mastin, 232 AD3d 1268, 1270 [4th Dept 2024], lv denied — NY3d — [2024], quoting People v Honghirun, 29 NY3d 284, 289 [2017]).
Defendant failed to seek dismissal of a sworn juror on the ground that the juror was grossly unqualified, and thus, as defendant correctly concedes, he failed to preserve for our review his contention that the court erred in refusing to grant that relief (see CPL 470.05 [2]; People v Black, 137 AD3d 1679, 1679 [4th Dept 2016], lv denied 27 NY3d 1128 [2016], reconsideration denied 28 NY3d 1026 [2016]; People v Swank, 109 AD3d 1089, 1090 [4th Dept 2013], lv denied 23 NY3d 968 [2014]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court